# Wytheville

VIRGINIA ELECTRIC AND POWER COMPANY V. RUFUS HOLTZ.

June 14, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*T. Justin Moore* and *Archibald G. Robertson,* for the plaintiff in error.

*Robert Joseph, Thomas A. Williams* and *L. C. O'Connor,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

Under review is another automobile accident which occurred in the city of Richmond at the intersection of M and 27th streets on the morning of December 24, 1931. Numbered streets run north and south, lettered streets east and west. The plaintiff in the court below, a colored man, owned and conducted a small grocery store on the south side of M street between 26th and 27th streets about the middle of the block, had been in business there for about twenty years, and can neither read nor write. It was his custom to load his truck with produce intended for customers and to deliver it from door to door. The car company operates throughout the city of Richmond

and has on M street a double track. Blocks on that street are somewhere between 250 and 300 feet long.

On the morning of the accident the plaintiff, as was his custom, loaded up his truck and started out to deliver goods. He crossed that portion of M street between the sidewalk and the street car track, diagonally, went upon and straddled the street car track at a point about forty-five or fifty feet west of 27th street, and continued down the car track until he reached 27th street where he undertook to turn to the left that he might go north on it. Before he could complete this movement his truck was struck on the side, near its end by an on-coming street car and overturned. He was hurt and has recovered a verdict of $750 which the trial court confirmed.

Some things at least may now be taken as established. If this judgment is sustained by believable evidence it is our duty to sustain it unless in the conduct of the case some rule of law was violated. We need not concern ourselves with conflicts in testimony and we deem it unnecessary to cite authorities in support of a proposition no longer questioned.

With brushwood cut away there are but two questions to be determined: Was the car company negligent, and was Holtz guilty of contributory negligence?

When the plaintiff went upon the street car track he was moving at the rate of about five miles an hour. He signalled in the proper way his purpose to make a left-hand turn, and at the same time looked to the west and saw an approaching car at about 26th street, but could not undertake to say whether it had actually crossed that street or not.

William Meekins, a colored boy who worked for Holtz, rode on the rear of the truck. He said that when plaintiff signaled his purpose to make this turn he was forty-five or fifty feet from 27th street and that the street car was a little past 26th street. At that time the car conductor seemed to be looking down.

Raymond Milburn, another witness, was standing near 27th. He thought the street car was about the middle of the block when the turning signal was given and that at that time Holtz was about fifteen feet from the corner. He further said that the motorman seemed to be looking down at his cash box and did not look up until a collision seemed imminent when he applied his brakes.

For a street car to follow a slow moving truck for fifty feet down its track and then to crash into it, in daylight, in an uncrowded street, is, of course, negligence. In all probability there would have been a rear-end collision had Holtz made no effort to turn at all. Even if the company had the exclusive right to the use of that portion of the street covered by its tracks, and if Holtz had been a trespasser in going upon it, we would have a typical case for application of the doctrine of the last clear chance. Of course the car company had no such right.

In appellant's reply brief is this proper concession: "Under the jury's verdict the primary negligence of the motorman must be conceded." The absence of contributory negligence has likewise been established unless its presence as a matter of law is shown by the record.

It would have been safer for the plaintiff to have kept upon the south side of M street until he reached the crossing and then to have made the necessary left turn. But he was not obliged to do so. A truck driver has no right to impede traffic by driving in front of a street car in such manner as to dislocate its schedule and to prevent its proper operation. But even in such a case the car has no right to bump it off.

"Of course the public has an equal right with the street railway company to ride, drive and walk upon the street between crossings, subject, however, to the superior right of way of the street cars, due to the fact that such cars must run on the tracks and cannot observe the law of the road." *Virginia Ry. & P. Co.* v. *Boltz,* 122 Va. 649, 95 S. E. 467, 469.

A plaintiff who, in the proper way and at a proper

time, has given the proper signal of a purpose to make a left turn, when it appears that the movement can be executed in safety, has done all that the law demands. *Lawson* v. *Darter,* 157 Va. 284, 160 S. E. 74.

This duty is fixed by statute. Code Supp. 1932, section 2154 (122) : "Every driver who intends to start, stop, or turn, or partly turn from a direct line, shall first see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section, plainly visible to the driver of such other vehicle of his intention to make such movement."

When forty-five or fifty feet from the point of turning Holtz signaled his purpose and looked back. He saw a car coming but there was nothing whatever to indicate that he could not execute with safety the movement intended. He could not continue to signal for prudent driving requires that both hands be upon the wheel when a right angle turn is to be made. He could not continue to look back. Men are not Argus-eyed. He had to see that the turn was made at the proper point and he had to be on the lookout for traffic which might be flowing along 27th street. *Moore* v. *Scott,* 160 Va. 610, 169 S. E. 902. In other words he did just what any reasonable driver might have been expected to do. Certainly the reasonableness of his conduct was a jury question and we see nothing whatever to indicate that he was guilty of negligence as a matter of law.

Had Holtz looked back after he gave the turning signal he would have seen nothing that he did not already know. He would have seen the car coming but he could not have been expected to believe that it would continue to move forward and negligently run into him. That it did negligently run into him is, as we have seen, conceded.

In the petition for a writ of error is this statement dealing with instructions: "The only vital objection and exception to the instructions given for the plaintiff is like-

wise objection and exception upon the ground that the plaintiff's negligence *per se* bars his recovery."

We have seen that negligence *per se* has not been established.

There is no error in the judgment of the trial court and it is affirmed.

*Affirmed.*