**HOPKINS et al. v. PEARCE.**

No. 4669.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1940.

Earl W. White and Willard R. Ashburn, both of Norfolk, Va., for appellants.

A. A. Bangel, of Portsmouth, Va., for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

SOPER, Circuit Judge.

The only question in this case, which was removed by appellants, defendants below, to the federal court on the ground of diversity of citizenship, is whether they were entitled to a directed verdict on account of negligence on the part of the plaintiff contributing to the collision between two automobiles that gave rise to the suit. It is contended that the plaintiff committed two violations of relevant statutes of the State of Virginia, wherein the accident occurred, so that he was guilty of two acts of negligence which contributed to the unfortunate result.

The statutes in question are § 2154(122) and § 2154(121) of the Virginia Code of 1936. Chief emphasis is placed on the first mentioned section, which in part is as follows:

*"Signals on starting, stopping, or turning.—*

"(a) Every driver who intends to start, stop, or turn, or partly turn from a direct line, shall first see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section, plainly visible to the driver of such other vehicle of his intention to make such movement.

"(b) The signal herein required shall be given by means of the hand and arm, or by some mechanical or electrical device approved by the director after this section takes effect, in the manner herein specified. Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to start, stop, or turn, or partly turn, by extending the hand and arm from and beyond the left side of the vehicle, in the manner following:

"(c) For left turn, or to pull to the left, the arm shall be extended in a horizontal position straight from and level with the shoulder.

"(d) For right turn, or to pull to the right, the arm shall be extended upward.

"(e) For slowing down or to stop, the arm shall be extended downward.

"(f) Such signals shall be given continuously for a distance of at least fifty feet before slowing down, stopping, turning, partly turning, or materially altering the course of the vehicle."

§ 2154(121) (a) provides that drivers of vehicles, when turning to the left, shall pass beyond the center of the intersection and as closely as practicable to the right of the center of such intersection before turning such vehicle to the left.

The accident happened on the night of October 6, 1939 on the George Washington Highway in Norfolk County, Virginia, when both cars were proceeding in a northerly direction and the plaintiff's car, in the lead, made a left turn in order to enter the Galberry Road which intersected the highway on its west side. The plaintiff's car came into collision with the car of the defendants when the latter car was in the act of passing on the left, and as a result, the plaintiff's car turned over on its left side and he was seriously and permanently injured.

Viewing the testimony in the light most favorable to the plaintiff, as must be done in view of the jury's verdict in determining a question of this kind, the defendants concede that the plaintiff gave the proper statutory signal indicating a turn to the left before he made the turn; but they point out that the giving of a signal was a performance of only part of the plaintiff's duty, and that it was also incumbent upon him first to see that the movement could be made in safety, since it obviously affected the operation of the overtaking car approaching from the rear. They say that according to his own testimony and that of his wife who accompanied him, he did not perform this important additional duty. He said in substance that after he crossed a bridge south of his intended turn and got close to the Galberry Road, he saw in his mirror the lights of the car behind him which looked to him as if it had just come over the bridge. When he was about 125 or 150 feet from his turn and the other car was "well back behind" he put his car in second gear, extended his left hand in order to make the proper signal and kept it outside the car, meanwhile steering with his right hand and making a long turn to the left. As he made the turn the lights behind him disappeared from the mirror, and he did not know what had become of them; but when he was two-thirds across the highway and his front wheels had reached a point beyond the 18-foot concrete surface on the west side of the road, his car was struck on its left side and turned over and his extended left hand was caught between the left side of the car and the surface of the road.

From this testimony the defendants contend that when the plaintiff gave the signal and started to make the turn, he merely assumed that the following car was a safe distance behind him near the bridge, and made no effort to ascertain its actual whereabouts; and since the following car was then about to pass, his neglect was a contributing factor to the collision, if not its sole cause. The testimony cited in support of this argument is sufficient in our opinion to refute it. It cannot be fairly said that the plaintiff made no effort to ascertain whether he could make a left turn with safety to other cars on the road before he attempted to do so. Except for the cars of the parties to the suit, there

786

were at the moment no other cars in the vicinity. The plaintiff ascertained, by the use of his mirror, that the defendants' car was so far behind that it seemed to him safe to make the turn. It is true that having satisfied himself ·in this particular he lost sight of the overtaking car in his mirror and did not look back again, as he swerved to the left and continuously gave the signal for a left-hand turn. But it should be borne in mind that at this point in the road the duty rested upon the defendants not to pass the plaintiff's car, because § 2154(108) (b) (4) of the 1938 Supplement to the Virginia Code of 1936 provides that the driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any intersection of highways, unless permitted so to do by a traffic light or police officer. The defendants' evidence indicated that they were not familiar with the road, and even not aware of the intersection, and the judge took this testimony into account in charging the jury that the unlawful attempt to pass should not be held against the defendants unless they violated the statute negligently. But undoubtedly the improbability of an unlawful passing at this point was a factor to be weighed in considering the charge of neglect on the plaintiff's part. We conclude that under the circumstances the actions of the plaintiff, to say the least, were not so clearly negligent as to require a directed verdict on the issue of contributory negligence. It was submitted to the jury in a charge that adequately covered the situation and provoked no criticism from the defendants other than the statement that no charge to the jury, except a direction to bring in a verdict for the defendants, should be given. See Walker v. Crosen, 168 Va. 410, 191 S.E. 753; Wright v. Viar, 162 Va. 510, 174 S.E. 766; Virginia Electric & Power Co. v. Holtz, 162 Va. 665, 174 S.E. 870; Drumwright v. Walker, 167 Va. 307, 189 S.E. 310; Tignor v. Virginia Electric & Power Co., 166 Va. 284, 184 S.E. 234.

The defendants also contend that the plaintiff violated § 2154(121) of the Virginia Code in that when he turned to the left, he did not pass beyond the center of the intersection and as closely as practicable to the right thereof before making the turn. This argument is based on the statement of the plaintiff that in turning to the left he made "a long curve going round". This evidence was obviously insufficient of itself to convict the plaintiff of a violation of the statute or of negligence that contributed to the accident. A wide sweeping turn was less likely to confuse or interfere with the operation of the overtaking car than the squared left turn which the defendants now contend should have been made. Moreover, there was testimony on the part of the defendants to the effect that the plaintiff did proceed as far as the center of the intersection before making his turn.

There was no error, and the judgment of the District Court will be affirmed.