**Clarence O. HIGGINS, Appellant,**

v.

**Allen Eugene THOMPSON and McLean Trucking Company, Appellees.**

**No. 11651.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 8, 1968.

Decided Feb. 21, 1968.

---

1. We observe that this case was decided after the District Judge's determination of the fact of probation violation.

William O. Roberts, Jr., Lexington, Va. (J. Frank Shepherd, Lynchburg, Va., on brief), for appellant.

Wm. Rosenberger, Jr., Lynchburg, Va., for appellees.

Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

In this automobile collision case the District Court directed a verdict, and entered judgment, for the defendant. The basis of the ruling was that the plaintiff, Clarence O. Higgins, was guilty of contributory negligence when he turned his car out of a standing line of automobiles, in the right-hand lane of the highway, just as a tractor-trailer driven by the defendant Allen Eugene Thompson, owned by the defendant McLean Trucking Company, was about to pass from behind. On the plaintiff's appeal we reverse; we think the evidence tendered a jury question on primary and contributory negligence.

The testimony suggests the following fact pattern: About 3:00 P.M. on October 9, 1964, 1½ miles west of Lexington, Virginia, a school bus headed east had stopped on the right-hand side of U. S. Route 60 and opposite a private road entering on the left. A line of vehicles then came to a halt behind the bus. For convenience of reference the vehicles behind the bus will be designated by number. Immediately to the rear of the bus was a pick-up truck (1) driven by plaintiff Higgins and carrying a woman and child as passengers. Next in order behind was a gasoline tank truck (2) operated by Paul Sorrells; then an unidentified car (3); and lastly the car (4) of Betty Moore. After discharging its passengers the school bus continued eastward on Route 60, which in that vicinity is 20 feet wide; the unidentified car (3) pulled from the left lane and passed all the vehicles ahead of it, including the school bus. Immediately then the plaintiff, whose turn signals had been indicating an impending left turn, looked in his side view mirror; saw no traffic approaching in the left lane from behind; extended his left hand in further indication of an intended turn; and then on a left turn crossed Route 60 and entered the private road.

Meanwhile the defendant driver of the tractor-trailer truck, approaching from the rear, observed the column of traffic stopped behind the school bus—which had just begun to move eastward again —and saw the unidentified car (3), the second vehicle behind plaintiff's pick-up, come out from and pass the vehicles in line ahead. The overtaking tractor-trailer then signaled a left turn, steered into the highway's left lane and, when in a position approximately opposite and parallel with the Moore car (4), first saw plaintiff commencing a left turn. Thereupon the tractor-trailer sounded its horn, and turning left on to the gravel shoulder of the road collided with the left side of plaintiff's pick-up truck which

had just completed the left turn into the private road.

At the close of the plaintiff's case the Court sustained defendant's motion for a directed verdict. The judge believed the evidence conclusively showed that the plaintiff had trangressed the commandment of § 46.1–216 Va.Code, 1950 (1967 Replacement Volume) that:

> "Every driver who intends to start, back, stop, turn or partly turn from a direct line shall first see that such movement can be made in safety. * * *"

But since the plaintiff had testified that the road to his rear was clear before he commenced his turn, the Court was not entitled to take from the jury the question whether this was true. In addition, there were physical circumstances, such as a curve behind the line of cars, and the tank truck or the other cars in the column, which could have obscured the plaintiff's view of the tractor-trailer as it approached. Apparently the District Judge believed the plaintiff had conclusively convicted himself when he said he did not see what the defendant's evidence pointed out was there to be seen. However, by the not insubstantial proof of the plaintiff that without fault on his part the tractor-trailer was not earlier visible to him, an issue was made as to whether his action was careless.

As in Hopkins et al. v. Pearce, 115 F. 2d 784, 786 (4 Cir. 1940),

> "[w]e conclude that under the circumstances the actions of the plaintiff, to say the least, were not so clearly negligent as to require a directed verdict on the issue of contributory negligence."

The Court is required to view the testimony in the light most favorable to the plaintiff and where there is conflicting evidence a directed verdict cannot stand.

We vacate the judgment and remand the case for a new trial.

Reversed and remanded.