# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

ORVILLE TIGNOR v. VIRGINIA ELECTRIC AND POWER COMPANY.

March 12, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Thomas O. Moss* and *Leith S. Bremner,* for the plaintiff in error.

*Archibald G. Robertson, Virgil P. Randolph, Jr.,* and *T. Justin Moore,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

This action was brought by Orville Tignor (hereinafter referred to as plaintiff) to recover damages for personal injuries resulting from a collision between a motorcycle he was riding and a passenger bus of the Virginia Electric and Power Company, alleged to have been caused by the negligent operation of the bus. A verdict in favor of the plaintiff for the sum of $10,000 was set aside by the trial court on the ground that the plaintiff was guilty of contributory negligence as a matter of law, and final judgment entered for the defendant company. To that judgment this writ of error was allowed.

The accident involved occurred about 6:30 P. M., September 3, 1932, at the intersection of Monument and Commonwealth avenues, in the city of Richmond. Monument avenue runs approximately east and west and is 100 feet wide from curb to curb. There is a grass plot thirty-six

feet in width in the center of Monument avenue which separates the eastern and western driveways of said avenue, each of which is thirty-two feet wide. Commonwealth avenue runs approximately north and south and is forty-two feet wide from curb to curb. The grass plots in Monument avenue are surrounded by a concrete curbing rounded at the ends, and where that avenue is intersected by Commonwealth avenue the distance between the grass plots on the eastern and western sides of Commonwealth avenue at their nearest points is approximately seventy feet.

The motorcycle plaintiff was riding was a Harley-Davidson, 1929 model, with two cylinders and two brakes, one on the front and one on the back wheel. The bus of the defendant measured twenty-three feet in length, seven feet seven inches in width, and nine feet nine inches in height. The defendant operates its buses on schedule west on Monument avenue to Commonwealth avenue, at which point buses turn left and south on Commonwealth avenue and over that and other streets return to the city. The scene of the accident is in a residential section, and at the time of the accident there were no other vehicles, either in motion or parked, in the immediate vicinity. A few minutes before the accident the bus involved therein arrived at Monument and Commonwealth avenues in advance of the regular time for leaving on the return trip and came to a stop headed west at the north curb of Monument avenue, with the center of the bus about opposite the center of a house which fronts fifty feet along the north line of Monument avenue at its intersection with the eastern line of Commonwealth avenue.

At the time the collision took place the bus had left the above described position for the purpose of turning left and proceeding south on Commonwealth avenue, and the plaintiff coming up the center of Monument avenue on his motorcycle crashed into the bus a little in front of its left rear wheel, and was severely injured.

It is alleged by the plaintiff that the defendant was

guilty of negligence, in that the operator failed to give the required signal before driving the bus from the curb at which it had been standing; that he failed to keep a proper lookout for traffic; that he started or turned the bus from the direct line without seeing that such move could be made in safety and without giving the signal required by law of his intention to do so; and that he made or attempted to make a left turn at a street intersection without passing to the right of the center of such intersection, as required by law.

The only error assigned goes to the action of the court in setting aside the verdict of the jury and entering judgment for the defendant.

Plaintiff's testimony on his examination in chief is substantially this: That he drove west on Monument avenue at a speed of about forty miles an hour until his motorcycle encountered loose stones or rocks in the driveway about two blocks east of Commonwealth avenue, and he then slowed down to about twenty-five miles an hour; that he did not know the bus made a turn at Commonwealth avenue, and as he approached the scene of the accident he was driving in the middle of the street "to pass the bus;" that when he was about forty feet from its front end, the bus "shot out from the curb" in front of him without the driver having given any signal of his intention to start or turn; that he immediately applied his brakes but could not stop in time to avoid striking the bus as above stated.

It is shown by the testimony of H. C. Miles and other witnesses for the plaintiff that when the bus pulled out from its position at the curb, instead of going straight ahead into Commonwealth avenue, it "cut the corner" by proceeding in a southwesterly direction across the westbound driveway of Monument avenue, and when brought to a stop after the impact the bus was still east of the center of the intersection. The foregoing evidence is, therefore, clearly sufficient to show that the operator of the bus was negligent in failing to give the proper signal

before starting from the curb, and in attempting to make a left turn into Commonwealth avenue without passing to the right of the center of the intersection as he should have done. It also seems apparent from the evidence that if the bus driver had proceeded westerly on Monument avenue until he had gotten past the middle line of Commonwealth avenue before making his turn, plaintiff would have passed the bus in safety and the accident would not have occurred.

The driver of the bus testified that immediately before starting from the curb he gave the required signal of his intention to do so by extending his left arm through the window, and that he also looked in the mirror placed on the outside of the bus for the purpose but did not see the plaintiff approaching.

It is contended by the defendant that according to plaintiff's own evidence he failed to keep a proper lookout, and for that reason failed to see the signal given by the driver and did not see the bus until just before he ran into it, and, therefore, convicts himself of contributory negligence by his own testimony.

On cross-examination the plaintiff first testified as follows:

"Q. Where was the bus when you first saw it?

"A. Parked at the curb.

"Q. Whereabouts?

"A. Commonwealth avenue and Monument.

"Q. Do you know whereabouts it was parked?

"A. On the right-hand side."

Later on, in the course of his cross-examination, there were the following questions and answers:

"Q. When you got at the crossing next east of Commonwealth avenue, did you see the bus?

"A. No, sir, don't think I did.

"Q. When you got half way through the block, going to Commonwealth avenue, did you see the bus?

"A. I saw it when I was about as far as from here to that first window.

"Q. Was that the first time you saw it?

"A. Yes sir, it was.

"Q. At the moment you saw it shoot out from the curb?

"A. Yes, sir.

"Q. The moment of your seeing the bus, and the moment of its shooting out from the curb all happened together, didn't it?

"A. I don't know exactly what you mean.

"Q. At the moment you saw the bus, it shot out from the curb?

"A. Yes, sir.

"Q. What attracted your attention to the bus was that it shot out from the curb?

"A. Yes, sir.

"Q. At that point you were forty feet away from it?

"A. I was about as far as from here to that window."

 The contention of the defendant, and the holding of the trial court that plaintiff was guilty of contributory negligence as a matter of law, is based solely upon the last-mentioned statements of the plaintiff to the effect that he first saw the bus when "it shot out from the curb" and when he was only forty feet away from it. As seen, however, the plaintiff first said on cross-examination that he saw the bus when it was parked at the curb, and was driving up the middle of the street in order to pass it. In view of this apparent conflict in his testimony, the question is when the plaintiff really first saw the bus. If he did not see the bus until it had started from the curb and when he was at a distance of only forty feet from the front of the bus, it is manifest that he was guilty of contributory negligence in not keeping a proper lookout. If, on the other hand, plaintiff saw the bus as he came up the avenue while it was standing at the curb, his statement that the bus "shot out in front" of him without any signal on the part of the driver must be taken as true, and negligence as a matter of law cannot be charged against him. In determining this question, we do not think that only that part of plaintiff's testimony which is relied on

by the defendant should be considered, and the rest of his testimony ignored. As has been well said, when we undertake to say what a witness has testified to, we must look at all of his testimony. (*Hancock* v. *Anderson,* 160 Va. 225, 168 S. E. 458.)

■ Under these circumstances the question at issue was for the jury and not for the court.

■ "If a condition of facts is such that the jury may deduce from them more than one inference or conclusion, the court, upon a motion to set aside their verdict * * * has no such discretion, but is bound down to that interpretation of the facts, and is constrained to adopt that conclusion from the evidence, which the jury have sanctioned by their verdict." *Cochran* v. *London Assurance Corp.,* 93 Va. 553, 562, 25 S. E. 597, 600.

In *Richmond-Washington Motor Coaches* v. *Austin,* 154 Va. 148, 152 S. E. 357, 358, it is said:

■ "The fact that a witness makes inconsistent statements in regard to the subject matter under investigation does not render the testimony of the witness nugatory. It is the province of the jury to pass upon such inconsistent statements and to give or withhold its assent to the truthfulness of the particular statement."

The jury having resolved the inconsistencies of the testimony of the plaintiff in his favor, the court must take it as true that the plaintiff was keeping a reasonable lookout as he proceeded along Monument avenue, and that his failure to see any signal given by the driver of his intention to pull out from the curb was due to the fact that the signal was not given; that the bus "shot out from the curb" diagonally across the street in front the plaintiff and it was impossible under the circumstances for the plaintiff to stop his motorcycle in time to avoid the accident; and such being the case the negligence of the bus driver in not giving the signal, and in not proceeding westerly until he crossed the middle line of Commonwealth avenue before making the left turn, was the sole cause of the accident.

It is argued for the defendant that since the bus driver claims he started his bus on the occasion in question in low gear it could not have "shot out" as plaintiff claims, as the low gear speed is approximately five miles an hour. Mr. Miles stated, however, that the rear of the bus had only gotten ten or twelve feet from the curb when the impact took place. Even at a speed of five miles an hour it would have required only a second or two for the bus to have traveled that distance, and it is, therefore, manifest that when the impact occurred the bus practically blocked the western driveway of the street.

It appears that, without objection from the plaintiff, the court gave the jury the following instruction:

"The court instructs the jury that it is immaterial to the claim of the plaintiff whether or not the driver of the Virginia Electric and Power Company motor bus gave a signal before he made a left turn, since Orville Tignor admits he did not see the bus until it moved away from the curb and after the driver of the bus, according to the uncontradicted evidence, had signaled for a left turn."

It is argued that even if this instruction did not state the facts correctly it constitutes the law of the case, and plaintiff cannot now contend under Rule XXII of the court that the instruction is wrong or that the evidence is contrary to the instruction. The contention is not sound. The instruction on its face deals only with a factual matter which, as hereinbefore stated, should have been left to the jury. It states no principle of law. Before one can invoke the principle that an instruction given without objection becomes the law of the case, it must announce and apply a rule of law, and not a statement of fact alone. Moreover, the failure to give the signal is not the only act of negligence claimed. The jury might well have concluded that even though the signal was given, the proximate cause of the impact was the attempt of the driver of the bus to pass to the east of the center of the intersection, instead of proceeding straight on until he passed to the west of the center of the intersection as it was his

duty to do, and as the plaintiff had a right to assume he would do.

Finally, it is contended that even if the evidence introduced at the trial under review did not convict the plaintiff of negligence as a matter of law, and even if it were conceded that the trial court improperly set aside the verdict of the jury, the case should be remanded by this court for a new trial on its merits on the ground of after-discovered evidence.

■ It appears that when the accident occurred two ladies and one man were the only passengers on the bus. The driver secured the name of one of the ladies, a Mrs. Ashbrook, who testified for the defendant, but the other lady and the man passenger left the scene of the accident before their identity could be ascertained. It further appears that, notwithstanding the efforts of the company to locate these two passengers before the trial of the case, their identity was not discovered until after the verdict was rendered. After the verdict the defendant filed the affidavits of these two passengers, but the court, having set aside the verdict of the jury and entered judgment in defendant's favor, found it unnecessary to consider the question. After reading the affidavits in question, we find nothing in either of them which is not merely cumulative of the testimony given by the driver of the bus, by Mrs. Ashbrook, and Mrs. R. L. Phillips, another witness who was standing on the sidewalk in front of her house on the southwest corner of Monument and Commonwealth avenues.

■ It is well settled that in order to justify the granting of a new trial on the ground of after-discovered evidence the new evidence must not be cumulative, corroborative, or collateral, but must be material and of such a character as another trial ought to produce another result on its merits. Burks' Pleading and Practice, p. 556; 2 Barton Law Practice, p. 734.

For the foregoing reasons, upon consideration of the whole case, we are of the opinion that the judgment of

the trial court should be reversed, the verdict of the jury reinstated, and judgment entered here in accordance with said verdict.

*Reversed.*

HOLT, J., dissenting.

It appears from the plaintiff's testimony, that he was riding down the center of an unobstructed street in open day, at a rate of twenty-five miles an hour. The defendant's bus then stood by curb. This bus was twenty-three feet long, ten feet high, and seated twenty-six people. As indicative of the character of plaintiff's outlook, he tells that he never saw it until he was sixteen and one-half feet away, although it was as obvious as an elephant. Plainly he did not see it, because he was not looking.

He does tell us that it was standing still when he first saw it, "parked at the curb." At that instant, "it shot out from the curb," and was struck by him. These statements are the plaintiff's statements.

All of us are familiar with the operation of buses, they are heavy vehicles, and start from a rest in low gear. Of necessity, they start slowly. It would be practically impossible for one of them to shoot out from the curb, and from a rest, in front of an on-coming motor vehicle traveling at the rate of twenty-five miles an hour and down the middle of the street, when that motor vehicle was but sixteen and one-half feet away. We know this out of court, and there is no reason why it should not be remembered in court.

I am, therefore, constrained to dissent.

EGGLESTON, J., concurs in this dissent.