# 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

MARY LOUISE ADAMS v. CHARLES HARRISON ALLEN.

September 8, 1961.

Record No. 5275.

Present, All the Justices.

The opinion states the case.

*George S. Cummins*, for the plaintiff in error.

*Ernest G. Garrett, Jr. (John G. May, Jr.; Williams M. Gravatt, Jr.; May, Garrett, Miller, Newman & Compton*, on brief), for the defendant in error.

CARRICO, J., delivered the opinion of the court.

Mary Louise Adams, hereinafter referred to as the plaintiff, filed a motion for judgment against Charles Harrison Allen, hereinafter referred to as the defendant, to recover damages for personal injuries sustained when the automobile operated by her was in a collision with the automobile operated by Allen. Allen also instituted suit against Mrs. Adams for damages for his personal injuries sustained in the accident. The two actions were heard together, and a jury trial resulted in a verdict and judgment in favor of Allen on the claim brought by Mrs. Adams, and in favor of Mrs. Adams on the claim brought by Allen.

The plaintiff was granted a writ of error to the judgment in the action brought by her. Allen did not seek a writ of error in the action brought by him, and the judgment in that case has become final.

Although the plaintiff assigned a number of errors to the rulings of the trial court, they were not all urged in argument before us. We will, therefore, consider only those actually argued, which are as follows:

1. That the court erred in failing to sustain plaintiff's motion, made at the conclusion of all of the evidence, to strike the defendant's evidence, enter summary judgment for the plaintiff, and instruct the jury solely on the matter of damages.

2. That the court erred in overruling plaintiff's motion to set aside the verdict of the jury as being contrary to the law and the evidence.

The accident occurred on May 6, 1959, at approximately 5:45 o'clock P. M., on Route 460, in front of Rice's store and filling station, in Nottoway County. At this point, Route 460 ran in a northwesterly direction toward Crewe, and in a southeasterly direction toward Blackstone. The highway was twenty feet wide, contained two lanes of travel, was hard surfaced, and was marked in the middle with a double solid white line for several hundred yards in each direction. To the northwest, or in the direction of Crewe, there was a sharp curve in the highway, three to four hundred yards away from the accident scene.

Rice's store was located on the southwestern side of the highway. In front of the store there was a large parking area and driveway, extending from a mail box and "Coca-Cola" sign on the northwestern edge to a secondary highway, intersecting Route 460, on the southeastern edge. A short distance to the northwest of the mail box and "Coca-Cola" sign there was a highway marker, warning of an intersection for the traffic proceeding southeasterly.

On the afternoon of the accident the weather was clear and the road was dry. The speed limit in the area was fifty-five miles per hour.

The facts surrounding the happening of the accident are in serious conflict.

The plaintiff testified that she was proceeding in her 1951 Hudson sedan in a southeasterly direction on Route 460, en route to Blackstone to report to her place of employment. She was travelling at fifty miles per hour as she approached Rice's store. She saw the defendant's automobile in the parking area and driveway, approaching the highway at an angle. She saw no other vehicle on the highway, but "glimpsed" a horse and wagon in the parking area and driveway. When she was fifty feet away from the defendant's vehicle, she realized it was going to enter the highway without stopping. She sounded her horn and turned her vehicle to the left in an attempt to avoid the collision. The two vehicles came together on the white line in the middle of the highway. She said that the right front fender of her vehicle struck the defendant's vehicle partly on its side and partly on its front. On cross-examination she denied that she had sounded her horn and turned her vehicle to the left because of the presence of a horse and wagon in her lane of travel.

Perkins Foster, a witness called by the plaintiff, testified that immediately prior to the accident he was traveling in a horse-drawn wagon, in a southeasterly direction on Route 460, approaching Rice's store. He pulled off of the highway into the parking area and was preparing to alight from his wagon when he saw the defendant's vehicle leave the gasoline pumps in front of the store and proceed through the parking area toward the "Coca-Cola" sign. He heard the sound of a horn from the highway and turned around to see how far he was off of the hard surface, found that he was "in the clear altogether", turned back to see where he was going and heard the crash caused by the collision. He could not say whether the defendant stopped before entering the highway and could not tell the jury how the accident happened. Throughout his direct exami-

nation this witness insisted that his vehicle was completely off Route 460 when the collision occurred. On cross-examination, however, he indicated that a portion of his wagon was then still on the highway.

J. W. Birdsong, a witness who testified for the plaintiff, said that he was walking southeasterly on Route 460, approaching Rice's store, when the plaintiff's automobile passed him. He heard the horn sound on the vehicle and saw a car "rolling out on an angle" from the store. He saw the two vehicles come together on the white line in the middle of the highway. He did not see a horse and wagon on the highway, but saw them after the accident in the parking area. On cross-examination, this witness could not tell the jury the make or color of either vehicle involved in the accident, was vague as to the location of the defendant's automobile when he first saw it, and was uncertain as to where the vehicles came to rest after the collision. He did not render aid to either of the injured drivers, although he was acquainted with the plaintiff. He did not tell the police officers, who came immediately to the scene, that he had witnessed the accident.

The defendant testified that he had stopped at Rice's store, en route from his employment in Blackstone to his home in Crewe. He purchased some gasoline and other items and then proceeded in his 1950 Pontiac sedan through the parking area and driveway to enter Route 460. He approached the hard surface of the highway at a right angle, and stopped his vehicle at the edge of the road at a point ninety feet from the "Coca-Cola" sign, on the store side. He looked to his right and then to his left, but saw nothing approaching from either direction. He entered the highway and crossed over to his proper lane of travel. He said that he had a vague recollection of seeing two vehicles approaching him from the direction of Crewe, in the opposite lane of travel, but could not identify them or give their distance from him. He had proceeded ninety feet in his lane when he was struck by the plaintiff's automobile, at a point opposite or a "little past" the "Coca-Cola" sign. He stated that it was his guess that the plaintiff's vehicle "must have been coming right fast if it hit me", and that "the way it was coming, it was like lightning." He did not see the horse and wagon at any time.

The plaintiff's vehicle came to rest, after the collision, completely off the hard surface, on its wrong side of the highway, parallel to the edge of the pavement, pointing in the same direction in which it had been proceeding. The defendant's vehicle came to rest in the

middle of the highway over the white line, pointing in a direction almost opposite to that in which the defendant testified that it had been proceeding.

Photographic evidence submitted to the jury showed that the physical damage to the plaintiff's automobile was concentrated on its front and its front right side. Damage to the defendant's automobile was concentrated directly on its front.

Physical evidence relating to the accident was found in the highway by a state trooper. This evidence was in the lane of travel alleged by the defendant to have been occupied by him, and consisted of a tire mark, six feet long, made by the plaintiff's vehicle, near and parallel to the edge of the pavement on plaintiff's wrong side of the highway, and a gouge mark, approximately in the middle of the same lane, on the Crewe side of the "Coca-Cola" sign.

The plaintiff contends that the trial court should not have submitted the case to the jury, except on the issue of damages to be awarded for her injuries. She argues that, as a matter of law, she was not guilty of contributory negligence, and the defendant was guilty of negligence which was the sole proximate cause of the accident. She further says that there was no evidence upon which the jury could have found her guilty of contributory negligence, and, therefore, the verdict should have been set aside.

We cannot agree with these contentions.

The case comes before us upon the verdict of a jury returned in favor of the defendant, which has been approved by an experienced trial judge. This verdict is further enforced by the fact that when the jury first returned to the courtroom, the foreman reported to the court, "We don't know how to word it, but the jury finds both parties guilty of negligence."

It is our duty, under established rules, to sustain this verdict unless it is clearly wrong and unjust, or without credible evidence to support it.

A litigant who comes before this Court fortified with the favor of the verdict of the jury, approved by the trial judge, occupies a strong position, and in such case, is entitled to have the evidence stated and accepted in the light most favorable to him. *Danner* v. *Cunningham*, 194 Va. 142, 147, 72 S. E. 2d 354, 357; *Laubach* v. *Howell*, 194 Va. 670, 671, 74 S. E. 2d 794, 795.

Generally, the questions of negligence and contributory negligence are for the jury. Whether a case involving such questions should be submitted to a jury, or decided by the court must, of

necessity, depend upon the particular facts of each case. *Steele* v. *Crocker*, 191 Va. 873, 880, 62 S. E. 2d 850, 853; *Va. Elec. & Power Co.* v. *Wright*, 170 Va. 442, 446, 196 S. E. 580, 581.

We recognize that in a proper case the court should hold, as a matter of law, that negligence of a party does or does not exist, and thus remove any consideration thereof from the jury.

Such action should be taken by a trial court, however, only where the facts permit of no other inference or conclusion but that a party is or is not guilty of negligence. *Nehi Bottling Co., Inc.* v. *Lambert*, 196 Va. 949, 955, 86 S. E. 2d 156, 159. *Penoso* v. *D. Pender Grocery Co.*, 177 Va. 245, 248, 249, 13 S. E. 2d 310, 312.

A jury should be permitted to determine a case if the evidence is in conflict as to the existence of negligence, or if reasonable men might draw different conclusions from the facts, or if the conclusion is dependent upon the weight to be given the testimony. *Hobbs* v. *Thorns*, 195 Va. 639, 646, 79 S. E. 2d 854, 857; *Wilkins* v. *Davis*, 158 Va. 763, 770, 164 S. E. 649, 651.

Mindful of these principles, in the case before us we find that the evidence was in almost hopeless conflict between the parties. Fair minded men, sitting on the jury, seeing the witnesses and hearing them testify, first-hand, to the facts now set forth in cold, printed form in the record, might well disagree and reach different conclusions as to the meaning and effect to be given such facts.

For the trial judge to have made the determinations sought by the plaintiff, as matters of law, would have required him to choose which party was to be believed, and which was not to be believed. He would have had to usurp the jury's role as the trier of the facts and the weigher of the testimony. He wisely and properly refused to do so.

The jury, in reaching a conclusion in the case, could have accepted the version as to the happening of the accident given by the plaintiff, or that given by the defendant. The two versions are so diametrically opposed to each other as to prohibit any reconciliation between them.

The version recounted by the defendant is not incredible. The physical evidence, which was entitled to great weight, corroborates and lends credibility to the defendant's story. This evidence, coupled with the defendant's testimony strongly indicates that the plaintiff was in her wrong lane of travel when the accident occurred. This being true, it was then incumbent upon her to give a reasonable explanation of her presence there, in order to avoid the inference of

negligence resulting therefrom. *Interstate Veneer Co.* v. *Edwards*, 191 Va. 107, 112, 113, 60 S. E. 2d 4, 7.

It was for the jury to determine whether or not the plaintiff made a reasonable explanation. It is obvious from its verdict that the jury was not satisfied with her statement, rejected it in favor of the defendant's version, and found the plaintiff guilty of contributory negligence. We believe that the jury was justified in so finding.

The issues were properly submitted to the jury which, upon credible evidence, found in favor of the defendant. The judgment approving the verdict is, therefore,

*Affirmed.*