# Richmond

VIRGINIA ELECTRIC AND POWER COMPANY v. WILLIE O. MABIN.

April 23, 1962.

Record No. 5387.

Present, All the Justices.

*Archibald G. Robertson* and *Lewis T. Booker* (*T. Lanier Sawyer;
John M. Hollis; Hunton, Williams, Gay, Powell & Gibson; Willcox,
Cooke, Savage & Lawrence*, on brief), for the plaintiff in error.

*J. Randolph Davis* and *Robert Friend Boyd* (*Wilson L. Rivers;
Davis & Boyd*, on brief), for the defendant in error.

CARRICO, J., delivered the opinion of the court.

Willie O. Mabin, the plaintiff, filed a motion for judgment against Virginia Electric and Power Company, the defendant, to recover damages for personal injuries sustained when he came into contact with an electric wire owned by the defendant. The motion alleged that the defendant was negligent in the installation and maintenance of the wire.

A jury trial resulted in a verdict of $50,000.00 in favor of the plaintiff, which was approved by the judge. The defendant sought, and was granted, a writ of error.

The plaintiff has filed a motion to dismiss the writ of error. This motion is without merit, and will, therefore, be denied.

The assignments of error present the sole question of whether the plaintiff was guilty of contributory negligence as a matter of law.

The plaintiff, who was 71 years of age at the time of the accident, had retired in May, 1959, as a machinist's helper at the Norfolk Navy Yard. Prior to his retirement he had been employed part-time as a roofer, and he continued in this type of work following his retirement.

On the day of the accident, July 17, 1959, the plaintiff was on the roof of a dwelling at the corner of Johnson Avenue and O'Keefe Street in the city or Norfolk, for the purpose of making repairs to the roof.

The defendant operated a 2300 volt electric distribution line which ran along O'Keefe Street from a pole at the corner. One of the wires was installed over the roof on which the plaintiff was working, over-hanging the roof 6 feet 1 inch vertically and 1 foot 10 inches horizontally at the front of the house and 2 feet 5½ inches vertically and 4½ inches horizontally at the rear.

The plaintiff, in attempting to repair a leak in the gutter on the O'Keefe Street side of the house, crawled under the wire at a point about one-third of the distance from the rear of the house, where the wire was 2½ feet above the roof and a little more than one foot above and behind him. The wire came into contact with the plaintiff's back and burned him and he was thrown to the ground, 20 feet below.

The plaintiff suffered severe injuries from his contact with the wire and the fall. His injuries have resulted in one hundred per cent disability. No contention is made that the verdict is excessive.

A sample of wire, said by the defendant to be similar to the one which caused the plaintiff's injuries, was introduced into evidence. It

is an old copper wire, uninsulated but encrusted with green corrosion. The testimony of the defendant's witnesses was in conflict, however, as to whether the wire that was installed over the roof was green or brown in color. That it was uninsulated at the time of the accident there can be no real dispute. The crucial question concerning the wire is whether the plaintiff knew it carried high voltage electricity and was uninsulated and, therefore, dangerous.

There was uncontradicted testimony at the trial that the safety standards in the electrical industry required that the wire be fully insulated or be installed 8 feet vertically and 3 feet horizontally from the roof. The defendant's negligence thus clearly appears from its installation and maintenance of the uninsulated wire over the roof, and so close thereto.

The plaintiff comes before us as the successful litigant in the court below, armed with a jury verdict stamped with the approval of the trial judge. He thus occupies a strong position and is entitled to have the evidence viewed in the light most favorable to him. All conflicts in the evidence and all the fair inferences that may be drawn therefrom have been resolved, by the verdict, in his favor. We cannot disturb the verdict unless it is clearly wrong or without credible evidence to support it. *Adams* v. *Allen,* 202 Va. 941, 945, 121 S. E. 2d 364; *Danner* v. *Cunningham,* 194 Va. 142, 147, 72 S. E. 2d 354.

A plaintiff in a personal injury case is entitled to the legal presumption that he was free of negligence, and this presumption will prevail in his favor unless his negligence appears from his own evidence or from that produced by the defendant. *Watson, Adm'x* v. *Virginia Elec., Etc., Co.,* 199 Va. 570, 574, 575, 100 S. E. 2d 774; *Northern Virginia Power Co.* v. *Bailey,* 194 Va. 464, 473, 73 S. E. 2d 425.

In this case, the defendant concedes that its defense of contributory negligence rises or falls on the plaintiff's evidence alone. It says that the plaintiff convicted himself of contributory negligence because he gave conflicting testimony concerning the condition of the wire and the manner in which he came into contact with it. It is therefore necessary for us to examine and analyze the plaintiff's evidence to determine if he was guilty of contributory negligence as a matter of law.

The physician who treated the plaintiff testified that his patient told him that, he stood up and his back struck the wire. However, the plaintiff denied making such a statement to the doctor and further denied that he stood up before he came into contact with the wire.

The plaintiff, on direct examination, said that he knew of the

presence of the wire over the roof and knew that he could be hurt by it if it had no insulation on it, but he further stated that he did not know that it carried high voltage electricity and was uninsulated; that the wind was blowing and as he approached the wire he saw it move, but did not feel there was any danger; that he was careful, in crawling under the wire, not to come into contact with it; that as he stooped under the wire a co-worker spoke to him from the ground and he felt the wire hit him in the back and when he turned to look the wire struck him again and burned him and caused him to fall; and that the wind had blown the wire against him.

On cross-examination the defendant sought to impute to the plaintiff an extraordinary knowledge of electricity because of his employment at the navy yard, but the plaintiff steadfastly denied knowing anything about electricity. The plaintiff further stated that he, "must have raised up a little bit for that wire to have hit me from the distance I was from it" and that he remembered, "that the wire was there, because I was knocked to the ground;" that he did not "raise up" into the wire on purpose; that he did not know whether the wire was insulated or not and that he knew the wire carried high voltage electricity.

On re-direct examination, the plaintiff explained that he did not learn that the wire carried high voltage electricity and was uninsulated until someone so told him after he was in the hospital. He also said that he only "raised up" about 6 inches and that he was motionless when the wind blew the wire against him.

Does this testimony of the plaintiff convict him of contributory negligence as a matter of law?

We have long followed the rule in Virginia that, "where a litigant unequivocally testifies to facts within his knowledge and upon which his case turns, he is bound thereby." *Crew* v. *Nelson*, 188 Va. 108, 113, 49 S. E. 2d 326; *Massie* v. *Firmstone*, 134 Va. 450, 462, 114 S. E. 652; *Virginia R. & P. Co.* v. *Godsey*, 117 Va. 167, 171, 83 S. E. 1072.

In a personal injury case, if a plaintiff clearly shows by his testimony that he is guilty of contributory negligence, he is bound by such testimony and is barred from recovery. *Crew* v. *Nelson, supra,* 188 Va., at p. 114.

But this rule must, of necessity, be subject to a qualification, so that a litigant with a meritorious claim or defense will not be cast out of court because of some single, isolated statement which, when taken

out of context and pointed to in the cold, printed record on appeal, appears to be conclusive against him.

This qualification to the rule requires that a litigant's testimony be read as a whole. A damaging statement made in one part of his testimony must be considered in the light of an explanation of such statement made in a later part of his testimony. A harmful admission made in the course of a rigorous cross-examination should be balanced against a clarification of the admission, offered when the litigant is on re-direct examination. And it is generally for the jury to determine whether it will accept such explanation or clarification. *Tignor* v. *Virginia E. & P. Co.,* 166 Va. 284, 290, 291, 184 S. E. 234; *Hancock* v. *Anderson,* 160 Va. 225, 237, 168 S. E. 458.

If, when the party's testimony is taken in its entirety it does not clearly and unequivocally appear that his case is without merit, or if the minds of reasonable men would differ as to the effect of his testimony, he has not fatally damaged his case. In such circumstances, the jury must be permitted to pass upon the testimony and the effect thereof, taken together with all the other evidence in the case. *Clayton* v. *Taylor,* 193 Va. 555, 561, 562, 69 S. E. 2d 424; *Am.Nat. Ins.Co.* v. *Branch,* 168 Va. 478, 488, 489, 191 S. E. 668.

In the case before us, while it is true that certain statements of the plaintiff, standing alone and without explanation, appear to convict him of contributory negligence yet, when his testimony is considered as a whole, no such conclusive result is warranted.

We think it was proper for the trial judge, as he did, to permit the jury to pass upon the plaintiff's testimony. Under the evidence, the jury could have found that the plaintiff did not have any special knowledge of electricity; that he did not know, and should not have necessarily known, that the wire carried high voltage electricity and was uninsulated, until he was so informed after the accident; that his contact with the wire did not result from his voluntary and negligent act, but from his unintentional "raising up" combined with the effect of the wind on the wire; and that he used due care for his own safety in working near the wire. If the jury so found, as the verdict clearly establishes that it did, it cannot be said that the finding is plainly wrong or without credible evidence to support it.

The defendant says that our decision in the case of *Watson, Adm'x* v. *Virginia Elec., Etc., Co., supra,* is controlling of the decision in the case before us. In that case we ruled that Watson was guilty of contributory negligence as a matter of law when he permitted a metal pipe being handled by him, while engaged in digging a well, to

come into contact with an uninsulated, high tension wire, causing his death.

But there is a marked difference between the facts in the *Watson* case and those in the case under consideration, In the *Watson* case, the evidence showed clearly that Watson,. "had knowledge of, and experience with, electricity far beyond that of the average person," and yet had worked four to five hours directly beneath the dangerous wire, on ground covered with water, with a long flexible metal pipe which extended above the wire.

Mr. Justice Spratley, speaking for the Court said:

"The danger was so reasonably apparent that there was no justification for Watson to disregard it, nor was there any evidence excusing his lack of ordinary care. The facts and all reasonable inferences from them lead us to the definite conclusion that Watson was unfortunately the victim of his own failure to use due and ordinary care under the circumstances. In the face of such facts and inferences the presumption of his freedom from negligence does not prevail. The negligence of Vepco did not dispense with the requirement of ordinary care on the part of the decedent." (199 Va. at pp. 576, 577.)

The defendant also relies on the case of *Appalachian Power Co.* v. *Matthews, Adm'r,* 202 Va. 747, 120 S. E. 2d 291. In that case, the deceased, who was familiar with the use of electricity and its dangerous nature, after repeated warnings of the danger involved, deliberately took hold of a bare high tension wire, resulting in his death. Upon this set of facts we held that the deceased was guilty of contributory negligence as a matter of law.

The evidence in the case before us does not lead us to such a definite conclusion as was required by the evidence in the *Watson* and *Matthews* cases.

The plaintiff, in the necessary and lawful discharge of his duties as a roofer, was required to place himself in a position which, because of the defendant's improper installation, brought him in close proximity to the wire. His action in doing so was not, in itself, negligence. Until he knew, or should have known, to the contrary he had the right to assume that the defendant had not negligently placed a dangerous wire so close to the roof. *Appalachian Power Co.* v. *Hale,* 133 Va. 416, 427, 113 S. E. 711; *Thomas* v. *Wheeling Electrical Co.,* 54 W. Va. 395, 46 S. E. 217, 221; 18 Am. Jur., Electricity, § 97, pp. 491, 492, 493; 29 C.J.S., Electricity, § 54, p. 609.

Under the evidence, whether the plaintiff did know, or should have known, of the danger was a question for the jury to answer. The

jury saw and heard him testify, observed his demeanor and intelligence and was able to appraise his state of physical and nervous health as it may have affected his ability to give testimony.

From all of this the jury has answered that the plaintiff was not negligent. We will not disturb that finding. Accordingly, the judgment is

*Affirmed.*

WHITTLE, and SPRATLEY, JJ., dissenting.

WHITTLE, J., dissenting:

I cannot agree with the majority opinion. The evidence shows beyond peradventure that Mabin was guilty of contributory negligence which bars his recovery.

In the first place, his own evidence shows that he was not ignorant regarding the danger of electricity. He had worked in and around machinery operated by electricity for a number of years. His account of the circumstances leading up to the injury discloses he was well aware of the danger of his work on the day of the accident. His testimony shows that he saw the wire when he went on the roof; that he had been on this roof previously and had seen the wire; that he knew it carried high voltage electricity; that he knew he could get hurt by the wire if it had no insulation on it; and that he did not know whether the wire had insulation on it or not. Notwithstanding, he went to work immediately under and in close proximity to the wire.

Plaintiff was asked on direct examination:

"Q. Were you careful in getting under the wire not to come in contact with it?

"A. Yes, I was that."

Nevertheless, plaintiff negligently and without exercising care for his own safety, raised up and came in contact with the wire which he knew carried high voltage and was immediately above him. He is bound by his own testimony. His case can rise no higher than his statement of the facts. *Massie* v. *Firmstone*, 134 Va. 450, 462, 114 S. E. 652.

It seems impossible for one to read the record in the case and not come to the conclusion that Mabin entered upon his work on the day he was injured with the feeling that he could do "this little

job" immediately under the wire (which he knew was dangerous), in safety, and that his negligence in undertaking the job without proper precaution for his own safety contributed to his injury. 13 Mich. Jur., Negligence, § 29, pp. 545, 546.

Sensing the weakness of his position regarding contributory negligence, it is argued in plaintiff's brief that the theory of "momentary forgetfulness" should save his case. There counsel says:

"Whether momentary forgetfulness is negligence barring recovery, under a given set of facts, is ordinarily a question of fact for the jury. Plaintiff testified Tom Morris called to him and he raised up some, about six inches. It was the province of the jury, we submit, to consider his testimony as a whole and consider whether the distraction involuntarily caused him to raise up, and whether in so doing he momentarily forgot the wire, and whether under the evidence this was contributory negligence barring his recovery."

The brief then cites the case of *City of Charlottesville* v. *Jones*, 123 Va. 682, 97 S. E. 316, and, continuing, says:

"(W)here plaintiff knew of the absence of a hand rail along a foot bridge, but momentarily forgot about it, stepped off of the bridge, and was injured, the court said: 'This is a situation in which it was a question of fact for the jury to determine whether plaintiff was negligent in his inattention to or forgetfulness of the absence of the hand rail if they believed from the evidence he had prior knowledge of its absence.'

"The court said forgetfulness is excusable under certain circumstances, as expressly held by the authorities, as where plaintiff has his attention *distracted* or *diverted* by such a cause or causes as would ordinarily induce such forgetfulness or inattention in an ordinarily prudent person in the same or similar situation. * * *

"The weight of authority, as set forth in this annotation [74 A.L.R. 2d 958-966], is that *to forget* is not negligence, unless it shows a want of ordinary care, and this, ordinarily, is a question for the jury. * * *

"In the case at bar the evidence is that Tom Morris called to the plaintiff, from the ground, and plaintiff raised up some six inches, presumably to look at and talk to Morris on the ground. *Whether this distraction and the involuntary action in raising up* amounts to contributory negligence, is, we submit, for the jury under the facts."

The foregoing, quoted from the brief, is the theory upon which plaintiff substantially relies in an effort to avoid his contributory negligence.

The majority opinion makes no reference to momentary forgetful-

ness, which I submit is the only possible theory under which plaintiff can avoid his proven contributory negligence.

The majority evidently take the view (with which I agree) that the theory of momentary forgetfulness is not tenable for the reasons that (1) Mabin insisted, under vigorous cross-examination, that he never forgot that the wire was immediately above him; (2) no instruction was requested or given on the theory of momentary forgetfulness; and (3) there was no distraction at the time Mabin raised up and came in contact with the wire.

Mabin was asked several times on cross-examination whether he knew the wire was above him when he raised up, or whether he had forgotten about it, and each time he either answered positively that he remembered the wire was there or denied that he had forgotten about it.

There being no testimony or instruction regarding momentary forgetfulness, the jury could not possibly have based its verdict on that theory which was not relied upon in the trial court. It is submitted that this is the only theory on which plaintiff could recover as, absent this theory, his contributory negligence is conclusively shown.

I would reverse the judgment and enter final judgment for the defendant.

SPRATLEY, J., joins in this dissent.