OLSTEN OF RICHMOND, ET AL.

V.

SHIRLEY W. LEFTWICH

Record No. 841783

November 27, 1985

Present: All the Justices

*Donald S. Elmore (L. Bradford Haskin; Elmore and Parker*, on brief), for appellants.
*C. Willard Norwood* for appellee.

POFF, J., delivered the opinion of the Court.

This is an employer's appeal from the Industrial Commission's order awarding an employee workers' compensation benefits for disability resulting from an accident during the course of employment. The principal question posed is whether the accident arose out of the employment.

In June 1982, Shirley W. Leftwich suffered a cervical and lumbar sprain in an automobile accident. In September, she returned to work at Olsten of Richmond where she was employed as a customer representative. On a weekend in January 1983, Olsten moved its offices to a new location. Mrs. Leftwich reported for work on Monday, January 17, expecting to resume her regular duties. Although she was dressed as usual in high-heel shoes, Olsten directed her to work with other employees in moving and unpacking the boxes and storing the contents on shelves in a closet.

After working at her new task for more than an hour, Mrs. Leftwich suffered a sudden, severe pain in her back. Unable to straighten to a standing position, she was placed on a stretcher and transported by rescue squad to a hospital where she remained for five weeks under the care of Dr. John A. Ayers, II, a specialist in orthopedic surgery.

Dr. Ayers diagnosed her injury as severe lumbar sprain. In a report dated March 4, 1983, he stated, "It is my impression that

the injury of January 17, 1983 was an exacerbation of her previous injury of June 10, 1982 from which she was still having minor residuals." Based on an examination conducted later, Dr. Herman Nachman, another orthopedist, opined that Mrs. Leftwich's condition "was not the result of the injury received in the June 10, 1982 [accident] but rather . . . the incident that occurred at work on January 17, 1983."

Danna Kinard, Olsten's branch manager and Mrs. Leftwich's supervisor, was standing beside Mrs. Leftwich when the January accident occurred. Kinard testified that Mrs. Leftwich "had high heels on and she bent over . . . and picked up the side of the box and got it off the floor". As she "was beginning to pull it up . . . she screamed with pain . . . broke out in a sweat . . . and she dropped the box."

A deputy commissioner denied the claimant's application for benefits. Upon review, the full Commission found that Mrs. Leftwich's disability was caused by "an exacerbation of a prior injury", reversed the deputy's decision, and entered an award in favor of the claimant.

On appeal, Olsten and its insurer, Travelers Insurance Company, contend that there was no evidence to show that the injury arose out of the employment. We disagree. The work in progress was work specially assigned by the employer. Mrs. Leftwich suffered an "injury by accident". Code § 65.1-7. That injury, which we have defined as an "obvious sudden mechanical or structural change in the body", *Virginia Electric, Etc., Co.* v. *Quann*, 197 Va. 9, 12, 87 S.E.2d 624, 626 (1955), occurred while she was engaged in a new work assignment involving physical exertion to which she was unaccustomed.

"In Virginia we have adopted the 'actual risk test,' which requires only that the employment expose the workman to the particular danger from which he was injured, notwithstanding the exposure of the public generally to like risks." *Lucas* v. *Lucas*, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972) (citation omitted). The testimony of the employer's district manager shows that the January accident occurred while Mrs. Leftwich was exposed to a particular danger. Medical reports submitted by two specialists confirm that Mrs. Leftwich's disability was caused by the accident resulting from that danger. It is immaterial whether her work incapacity was related solely to the injury sustained in the January accident. "When an injury sustained in an industrial accident ac-

celerates or aggravates a pre-existing condition, . . . disability resulting therefrom is compensable under the Workers' Compensation Act." *Ohio Valley Construction Co. v. Jackson,* 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985).

We hold, therefore, that the evidence supports a finding that the claimant's disability was causally related to an accident which arose out of the claimant's employment. *Cf. United Parcel Service of America v. Fetterman,* 230 Va. 257, 336 S.E.2d 892 (1985) (this day decided); *Central State Hospital v. Wiggers,* 230 Va. 157, 335 S.E.2d 257 (1985).

Nevertheless, the employer urges us to reverse the award on the ground that the claimant was "bound by the words from her own mouth" and hence, that the Commission erred in considering Kinard's testimony and the medical evidence. In support of this assignment of error, the employer relies upon *Massie v. Firmstone,* 134 Va. 450, 462, 114 S.E. 652, 656 (1922), where we said that a litigant "cannot be heard to ask that his case be made stronger than he makes it where . . . it depends upon facts within his own knowledge and as to which he has testified."

At one point in her testimony before the deputy commissioner, Mrs. Leftwich said, "I did not get under the whole box." She explained that "some of the boxes were big boxes with a lot of boxes in them." Asked whether she had "touched" the big box, she replied, "I honestly—I did not know. I don't know whether I picked it up. I don't know."

As we have said, the principal issue on appeal, as it was below, is whether the claimant's injury arose out of her employment. We assume, without deciding, that the employer is correct in its view that resolution of this issue depends upon whether Mrs. Leftwich was in the act of lifting the box at the moment the injury occurred. Even so, we reject the assignment of error.

"No rule is more firmly established in Virginia than that of *Massie v. Firmstone." Travis & Ludwig v. Bulifant,* 226 Va. 1, 4, 306 S.E.2d 865, 866 (1983). But the employer misconceives the scope of the rule as we have refined it. If the testimony of a litigant "in its entirety does not unequivocally show that his case is without merit or if reasonable men may differ as to its effect, 'the [factfinder] must be permitted to pass upon the testimony and the effect thereof, taken together with all the other evidence in the case.' " *Saunders and Rittenhouse v. Bulluck,* 208 Va. 551, 553, 159 S.E.2d 820, 823 (1968), quoting *VEPCO v. Mabin,* 203 Va.

490, 494, 125 S.E.2d 145, 148 (1962); *accord Seven-Up Bottling Co.* v. *Moseley*, 230 Va. 245, 249, 335 S.E.2d 272, 275 (1985).

Considering Mrs. Leftwich's testimony in its entirety and in context with all the other evidence before the Commission, we cannot say that her claim is without merit. Given the fact that she had been engaged in a series of lifting operations for more than an hour, a factfinder could reasonably conclude, as the Commission obviously did, that her recollection of the sequence of events was simply confused. The *Massie* doctrine "is intended to compel the exercise of good faith on the part of a litigant not to penalize him for honest mistakes or infirmities of memory", *Burruss* v. *Suddith*, 187 Va. 473, 482, 47 S.E.2d 546, 550 (1948), and we will not apply it here.

We hold that the Commission applied correct principles of law to the facts before it, and we will affirm the award.

*Affirmed.*