COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


ROBERT D. SWANDER

                                   MEMORANDUM OPINION*
v.    Record No. 1664-00-2              PER CURIAM
                                      JULY 17, 2001
SUSAN M. SWANDER


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Timothy J. Hauler, Judge

              (Thomas F. Coates, III; Coates & Davenport,
              on briefs), for appellant.

              (John N. Clifford; Clifford & Duke, P.C., on
              brief), for appellee.


     Robert D. Swander (husband) appeals the decision of the

circuit court awarding Susan M. Swander (wife) monthly spousal

support.  On appeal, husband contends that the trial court erred

in awarding wife spousal support of $650 per month when she had

stated in a deposition that she was seeking support of only $500

per month.  Husband asks that we vacate the trial court's order

and remand with instructions to award support in an amount not to

exceed $500.  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## PROCEDURAL BACKGROUND

After a twenty-four-year marriage, husband and wife separated in October 1996 and wife filed for divorce in February 1999.  They executed a property settlement agreement on September 24, 1999, reserving the issue of spousal support for adjudication by the court.  On October 28, 1999, the trial court heard arguments on spousal support.  The parties submitted their October 18, 1999 depositions into evidence.  In her deposition, wife suggested that she would settle for $500 per month.  The trial court issued a letter opinion on December 6, 1999, in which it awarded wife $650 per month in spousal support.  Husband filed a motion for reconsideration on February 14, 2000.  The trial court rescinded its letter opinion on February 18, 2000 and accepted memoranda from the parties.  On April 12, 2000, the trial court again awarded wife spousal support of $650 per month.

## ANALYSIS

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court."  Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998).  "In fixing the amount of the spousal support award, . . . the court's ruling

-

will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it."  Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

Husband argues that because wife stated in her deposition that she sought only $500 in monthly support, the trial court erred in awarding her an amount greater than that.  Husband relies upon the Supreme Court's prohibition against a plaintiff's case rising higher than her testimony.  Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 655-56 (1922).  However,

> a litigant with a meritorious claim or defense will not be cast out of court because of some single, isolated statement which, when taken out of context and pointed to in the cold, printed record on appeal, appears to be conclusive against him.
>
> This qualification to the rule requires that a litigant's testimony be read as a whole.  A damaging statement made in one part of his testimony must be considered in the light of an explanation of such statement made in a later part of his testimony.

VEPCO v. Mabin, 203 Va. 490, 493-94, 125 S.E.2d 145, 148 (1962).

Viewed in the context in which it was made, wife's statement merely indicated that she did not expect to receive more than $500 in monthly support.  Her testimony also revealed that her monthly shortfall exceeded $1,200 and that $500 was

-

"not the amount that [she] need[ed]."  Wife's remarks during her deposition did not clearly suggest that she only sought $500 in monthly support.

Furthermore, the pleadings in this case do not contain an ad damnum clause.  As explained above, wife's equivocal deposition testimony does not represent the amount of support she sought.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.