COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia

EASTERN SHORE COMMUNITY SERVICES BOARD
  AND VACOGSIA
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1002-10-1                      JUDGE WILLIAM G. PETTY
                                                        DECEMBER 14, 2010
BRENDA ANNETTE ROBINSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              John C. Johnson (Frith Anderson & Peake, on brief), for
              appellants.

              No brief or argument for appellee.


      Employer[1] appeals the decision of the Workers' Compensation Commission awarding

total temporary disability benefits to Brenda Annette Robinson. Employer argues the

commission had insufficient evidence before it that Robinson sustained a compensable injury by

accident under the Workers' Compensation Act because (1) the rule in Massie v. Firmstone

prohibited the commission from relying upon certain evidence, and (2) Robinson did not

immediately feel pain during the incident. We disagree and affirm.

                                              I.

      Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

_____

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] Throughout this opinion, both Eastern Shore Community Services Board and Virginia
Association of Counties Group Self-Insurance Association (VACOGSIA) are referred to
collectively as "employer."

"On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (citing Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003)). Whether Robinson "sustained an injury by accident is an issue of fact." Hoffman v. Carter, 50 Va. App. 199, 212, 648 S.E.2d 318, 325 (2007) (citing Grayson Cnty. Sch. Bd. v. Cornett, 39 Va. App. 279, 288, 572 S.E.2d 505, 510 (2002)). Accordingly, "we must defer to the commission's findings of fact if supported by credible evidence in the record." Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010) (citing Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc)).

II.

A claimant suffers an "injury" under the Workers' Compensation Act when he suffers an "injury by accident" arising out of and in the course of his employment. Code § 65.2-101. To prove an injury by accident, "'a claimant must prove an identifiable incident that occurs at some reasonably definite time, which is the cause of an obvious sudden mechanical or structural change in the body.'" Kraft Dairy Group v. Bernardini, 229 Va. 253, 255, 329 S.E.2d 46, 47 (1985) (quoting The Lane Company, Inc. v. Saunders, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985)).[2]

A. Identifiable Incident

There is no question that Robinson presented sufficient evidence of an identifiable incident that occurred at some reasonably definite time. Robinson's claim arose from an incident in which she assisted a handicapped patient in the course of her employment. Robinson testified

---

[2] "In contrast, 'a gradually incurred injury is not an injury by accident within the meaning of the Act.'" Hoffman, 50 Va. App. at 213, 648 S.E.2d at 325 (quoting Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 175, 468 S.E.2d 152, 154 (1996)).

that she helped the patient move from a wheelchair to a toilet. Robinson attempted to lift the patient onto the toilet while simultaneously closing the wheelchair; however, the patient continued to hold on to a safety railing, which prevented Robinson from successfully lifting the patient onto the toilet. This caused Robinson to unexpectedly exert herself, and in her words she "twisted [her] body" and "hurt [her] back." A medical report[3] filled out by one of Robinson's doctors also reflected that Robinson told the doctor that she "felt something pull" in her lower back.[4] Thus, credible evidence supports the commission's finding that an identifiable incident occurred at some reasonably definite time.

### B. Sudden Mechanical or Structural Change in the Body

However, employer claims that Robinson failed to present sufficient evidence to establish that the identifiable incident caused a sudden mechanical or structural change in her body. Citing Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922), employer argues that the commission could not rely on Robinson's statement contained in the medical report because that statement is inconsistent with her testimony before the commission. Without that indirect statement, employer contends that the commission was left merely with Robinson's direct testimony that she felt no pain until the morning following the incident. Therefore, employer surmises that Robinson and the commission could only speculate that the incident caused a sudden mechanical or structural change in Robinson's body.

---

[3] For reasons we discuss below, the commission was well within its authority to consider the statement in the medical report.

[4] Specifically, employer apparently requested a medical professional that treated Robinson to complete a medical report for insurance purposes. Under the heading "Patient's Account of How Injury/Illness Occurred," the form says in quotes, "I had to lift a consumer off toilet and put her in a wheelchair, she was unable to assist in the move and I felt something pull in my low [sic] back." Robinson's first treating chiropractor, Dr. Len Bundick, signed the report.

### 1. Massie v. Firmstone

According to employer, "Robinson testified repeatedly . . . that she noticed nothing abnormal whatsoever when she transferred her [patient] on the morning" of the accident. Hence, employer alleges that Robinson's direct testimony completely contradicts her statement in the medical report that "she felt something pull" in her back. Therefore, employer argues that Massie prohibited the commission from considering Robinson's statement in the medical report.

Under Massie, if "'a litigant unequivocally testifies to facts within his knowledge and upon which his case turns, he is bound thereby.'" Virginia Elec. & Power Co. (VEPCO) v. Mabin, 203 Va. 490, 498, 125 S.E.2d 145, 147 (1962) (quoting Crewe v. Nelson, 188 Va. 108, 113, 49 S.E.2d 326, 328 (1948)); see also Massie, 134 Va. at 462, 114 S.E. at 656. However, the rule is "subject to a qualification, so that a litigant with a meritorious claim or defense will not be cast out of court because of some single, isolated statement which, when taken out of context and pointed to in the cold, printed record on appeal, appears to be conclusive against him." VEPCO, 203 Va. at 493-94, 125 S.E.2d at 148; see also Travis & Ludwig v. Bulifant, 226 Va. 1, 5, 306 S.E.2d 865, 867 (1983). Accordingly, "[t]his qualification to the rule requires that a litigant's testimony be read as a whole." VEPCO, 203 Va. at 493-94, 125 S.E.2d at 148. Therefore, if that testimony "'in its entirety does not unequivocally show that his case is without merit or if reasonable men may differ as to its effect, the [factfinder] must be permitted to pass upon the testimony and the effect thereof, taken together with all the other evidence in the case.'" Olsten of Richmond v. Leftwich, 230 Va. 317, 320, 336 S.E.2d 893, 895 (1985) (quoting Saunders & Rickenhouse v. Bulluck, 208 Va. 551, 553, 159 S.E.2d 820, 823 (1968)).

Thus, Massie does not preclude the commission from considering evidence of an injury by accident other than the claimant's direct testimony simply because that testimony equivocates in some way. Id. at 320-21, 336 S.E.2d at 895. In Leftwich, a claimant filed for workers'

compensation benefits for an injury she sustained at her workplace when she lifted a large box. Id. at 318-20, 336 S.E.2d at 894-95. The claimant's supervisor testified that she witnessed the claimant injure herself while lifting the large box, and a doctor's report also opined that the claimant had injured herself while undertaking heavy lifting at work. Id. at 319, 336 S.E.2d at 894. However, when the claimant was asked whether she had lifted the large box—a fact that the Virginia Supreme Court assumed was dispositive to her claim—the claimant replied, "I don't know whether I picked [the large box] up." Id. at 320, 336 S.E.2d at 895. Invoking Massie, her employer argued that these words bound her, and thus it argued "that the commission erred in considering [the supervisor's] testimony and the medical evidence." Id. The Virginia Supreme Court rejected the employer's argument, holding that Massie did not prohibit the commission from considering the evidence that supported a finding of injury by accident, even though the claimant's testimony alone failed to precisely establish such an injury. Id. at 320-21, 336 S.E.2d at 895.

We must similarly reject employer's argument here. It is true that Robinson made a recorded statement where she described the incident and concluded by saying, "I guess doing that twisted my body and stuff—I hurt my back." Robinson also agreed, in response to questions from employer's counsel, that she had responded "no" on a chiropractic form that asked whether she had experienced "a sudden injury" and "yes" when it asked whether her injury was "without obvious cause." Employer would have us unfairly read these statements to mean that Robinson experienced nothing out of the ordinary on the day of the incident. However, simply saying, "I *guess* doing that twisted my body," does not necessarily mean that Robinson was speculating— employer reads far too much into Robinson's statement. Employer similarly reads too much into Robinson's answers on the chiropractic form. As Robinson reasonably explained, she put those answers on the form "because [she] was just really trying to get help" for her intense back pain.

- 5 -

Thus, like the claimant in <u>Leftwich</u>, Robinson's arguably equivocal statements do not defeat her claim, and further, the commission was free to interpret her isolated testimony in light of *her testimony as a whole*.

Just like the employer in <u>Leftwich</u>, here "employer misconceives the scope of the [<u>Massie</u>] rule as we have refined it." <u>Id.</u> at 320, 336 S.E.2d at 895. "The <u>Massie</u> doctrine 'is intended to compel the exercise of good faith on the part of a litigant[,] not to penalize him for honest mistakes or infirmities of memory.'" <u>Id.</u> at 321, 336 S.E.2d at 895 (quoting <u>Burruss v. Suddith</u>, 187 Va. 473, 482, 47 S.E.2d 546, 550 (1948)). Nor would that rule have us penalize Robinson for her use of informal or inelegant language. <u>See id.</u> Therefore, we hold that <u>Massie</u> does not apply to the facts of this case, and thus the commission did not err when it declined to apply it.[5]

## 2. Onset of Pain

Employer also argues that because Robinson did not feel immediate pain during the incident, she could not prove that the identifiable incident caused the sudden mechanical or

---

[5] In its <u>Massie</u> argument, employer characterizes the statement as "a doctor's hearsay notation" and argues that the claimant cannot rely upon it to impeach her unequivocal testimony at trial. We have, of course, held that the commission may consider hearsay evidence, including medical reports of a hearsay nature. <u>Pence Nissan Oldsmobile v. Oliver</u>, 20 Va. App. 314, 317-19, 456 S.E.2d 541, 543-44 (1995). The commission's Rule 2.2 allows it to do so. <u>Id.</u> at 319, 456 S.E.2d at 544. Recognizing this, employer cites <u>Bd. of Supervisors of Henrico Cnty. v. Martin</u>, 3 Va. App. 139, 348 S.E.2d 540 (1986), and argues that the commission could not consider the claimant's statement to the doctor as to how the injury occurred because it contradicted her testimony before the commission. <u>Martin</u>, however, limited its holding to its facts. <u>Id.</u> at 144, 456 S.E.2d at 543. We have subsequently said that "[b]ecause the commission may choose to consider the common law rules of evidence when the underlying rationale for the rule is helpful in reaching a decision," we simply "mentioned and discussed the common law rules of evidence" in <u>Martin</u>. <u>Pence</u>, 20 Va. App. at 318, 456 S.E.2d at 543. "[A]ny other language in <u>Martin</u> regarding the common law rules of evidence was dicta." <u>Id.</u> In fact, we expressly said in <u>Martin</u> that we were not holding that the commission should disregard "reliable hearsay evidence." <u>Martin</u>, 3 Va. App. at 144, 348 S.E.2d at 542-43. <u>Martin</u> relied on the rule in <u>Massie</u> to support its holding, not the common law rules of evidence. <u>Pence</u>, 20 Va. App. at 318, 456 S.E.2d at 543.

structural change in her body. However, a claimant need not experience pain during an identifiable incident to prove that the incident caused a sudden mechanical or structural change in his body. Seven-Up Bottling Co. v. Moseley, 230 Va. 245, 249-50, 335 S.E.2d 272, 275 (1985); see also Frye v. Gunston Animal Hosp., 39 Va. App. 414, 422, 573 S.E.2d 307, 311 (2002) ("To prove an injury by accident 'it is not necessary to show an immediate onset of the symptoms of an injury.'" (quoting Turcios v. Holiday Inn Fair Oaks, 24 Va. App. 509, 515 n.1, 483 S.E.2d 502, 504 n.1 (1997))).

In Seven-Up, a claimant left his place of employment—a bottling plant—and incurred a back injury when he bumped a hand-truck carting soft drinks across a curb. Seven-Up, 230 Va. at 250, 335 S.E.2d at 275. Initially, he merely felt "stress" in his lower back, but by the time he had returned to the bottling plant, he was in pain. Id. The Virginia Supreme Court held "that this evidence was sufficient to allow the commission to conclude that [the claimant] suffered an obvious sudden mechanical or structural change in his body" that was causally related to the initial incident. Id.

Like the claimant in Seven-Up, who felt mere "stress" in his back at the time he moved the hand-truck across the curb, Robinson felt only a "pull" in her back when she lifted the patient. However, by the day after the incident, Robinson felt pain in her back, just as the claimant in Seven-Up felt pain in his back at a later time. Simply because Robinson did not feel immediate pain does not mean that her body did not experience a sudden structural or mechanical change, nor does it mean that Robinson and the commission speculated as to the cause of her injury.[6] Rather, Robinson adequately explained her accident, and the medical report

---

[6] Employer cites Cent. State Hosp. v. Wiggers, 230 Va. 157, 335 S.E.2d 257 (1985), to support its argument that Robinson and the commission speculated regarding the causal relationship between Robinson's back pain and the heavy lifting in which she engaged. In Wiggers, the claimant slipped on the floor at her workplace, which caused the claimant to twist her ankle, but she testified that no water, liquid, or other material was on the floor. Id. at 158,

established that Robinson "felt something pull" in her back during the accident. The commission found Robinson's testimony credible, and we cannot say it was plainly wrong when it made that finding. Therefore, the commission did not err when it found that the identifiable incident caused the sudden mechanical or structural change in Robinson's body.[7]

### III.

For the foregoing reasons, we conclude that the commission did not err when it found that Robinson suffered an injury by accident arising out of and in the course of her employment. The Massie doctrine and the fact that Robinson did not experience immediate pain following her injury do not alter this conclusion. Therefore, we affirm.

Affirmed.

---

335 S.E.2d at 258. Thus, there was "no evidence in the record to establish a causal connection between the claimant's work environment and her injury." Id. at 159, 335 S.E.2d at 259. In contrast, Robinson's work environment featured awkward and heavy lifting of a patient that resulted in her physical exertion and a pull in her back. Therefore, Wiggers is distinguishable from this case.

[7] Although Robinson asked for benefits covering the day after the incident onward, the commission ultimately awarded benefits to Robinson only where credible evidence established back pain for certain periods after the incident. Employer notes that certain medical reports in the record simply mention injuries seemingly unrelated to Robinson's back injury. However, as the full commission and the deputy commissioner both accurately described, various other doctors' notes and reports support the identified benefit periods.