## Staunton

### CHARLES W. CREW v. VIRGINIA NELSON, BROOKS TRANSPORTATION COMPANY, INCORPORATED, AND JAMES H. BROWN.

September 8, 1948.

Record No. 3362.

Present, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

*Denny, Valentine & Davenport,* for the plaintiff in error.

*May, Simpkins, Young & Rudd* and *Williams & O'Connor,* for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

Virginia Nelson, while riding as a guest passenger in a truck driven by Charles W. Crew, was badly injured when that vehicle ran into the rear of a tractor trailer truck owned and operated by Brooks Transportation Company, Incorporated, driven by its employee, James H. Brown, and which had come to a stop on the paved portion of the highway.

To recover damages for the injuries sustained, Miss Nelson instituted an action at law against Brooks Transportation Company, Incorporated, Brown and Crew. Since she was a guest passenger in the truck driven by Crew, her action against him was predicated upon the theory that he was guilty of gross negligence which proximately caused the collision and her injuries. Michie's Code of 1942, section 2154(232); Acts 1938, ch. 285, p. 417.

The trial below resulted in a verdict in favor of the plaintiff against the defendant, Crew, alone, and in favor of the other defendants, Brooks Transportation Company, Incorporated, and Brown, upon which judgment was entered. The matter is now before us on a writ of error allowed Crew. The determinative issue is whether the evidence sustains the verdict and judgment. For convenience we shall refer to the parties as they appeared in the court below.

The collision occurred at about 8:30 a. m. on January 23, 1946, approximately a mile and a half south of Ashland, on U. S. Highway No. 1. The road at that point is level and straight for a distance of about a mile, and is divided into

four ten-foot traffic lanes. At the time the pavement was dry, the weather was clear, and the visibility was good.

While the Crew truck was proceeding southwardly, at approximately fifty miles per hour, it crashed into the rear of a large tractor trailer truck of the Brooks Transportation Company, Incorporated, which had been proceeding in the same direction, but had come to a stop in the right-hand traffic lane, with all of its wheels on the paved portion of the highway.

The drivers of the two vehicles were called as adverse witnesses by the plaintiff and gave widely divergent accounts of how the collision occurred.

Brown, the driver of the Brooks truck, testified that as he proceeded southwardly along the highway he observed another Brooks' truck stopped west of the highway, apparently disabled. Upon seeing this he slowed his truck down gradually and came to a stop some seventy-five or eighty yards south of the disabled truck. He did not pull off on the shoulder because his truck was heavily loaded and the shoulder was soft. He got out of the truck and went back to offer his assistance to the driver of the disabled truck. Brown said that after talking to the other driver from three to five minutes, he started to return along the road to his own truck, and before reaching it the Crew truck, proceeding southwardly at about fifty miles per hour, and apparently without attempting to slow down or change its direction, ran into the rear of the Brooks truck.

Brown's testimony is corroborated in some respects by that of Tate, the driver of the disabled Brooks truck, who, however, did not see the collision.

Crew's story is that he had been following the Brooks truck at a safe distance for about a quarter of a mile; that as he was overtaking the Brooks truck and preparing to pass it on the left, without any signal of his intention to do so the driver of the Brooks truck brought his vehicle to a sudden stop immediately in front of his (Crew's) truck, making it impossible for him to avoid the collision.

Under fair and proper instructions it was left to the

jury to say which of these accounts or descriptions of the collision they would accept. Without objection, the jury were told that even if they believed from the evidence that "the Brooks truck was negligently stopped on the highway," yet if it had been there "sufficiently long for Crew to have seen it in time to avoid collision with it," had he been exercising proper care, "then such negligence on the part of Brown," in stopping on the highway, was "a remote rather than proximate cause of the collision," which would absolve the Brooks Company and Brown from liability therefor.

The verdict in favor of the Brooks Company and Brown shows that the jury accepted Brown's version as to how the collision occurred, and concluded that his negligence, if any, in stopping his truck on the paved portion of the highway was the remote and not the proximate cause of the collision. Manifestly, there was ample evidence to support such finding and it is conclusive here.

We are of opinion that there was ample evidence to support the jury's finding that Crew was guilty of gross negligence which proximately caused the collision. Viewed in the light of the verdict the evidence shows that in broad daylight on a straight wide road, where the visibility was good and his view was unobstructed, Crew drove his truck, at an undiminished speed of fifty miles per hour, into the rear of this large trailer truck which was, to borrow a phrase of the late Justice Holt, "as obvious as an elephant,"[1] had he been keeping a proper lookout.

Indeed, counsel for Crew admit that if the plaintiff (Miss Nelson) is entitled to rely upon Brown's testimony, then the record amply supports a verdict against Crew, based upon proof of gross negligence.

But counsel for Crew earnestly contend that under the doctrine enunciated in *Massie* v. *Firmstone*, 134 Va. 450, 461, 462, 114 S. E. 652, and frequently applied in later cases, Miss Nelson cannot rely upon the testimony of Brown

---

[1] *Tignor* v. *Virginia Elec., etc., Co.*, 166 Va. 284, 294, 184 S. E. 234, 237, 238 (dissenting opinion).

to show that Crew was guilty of gross negligence, because, it is said, her own testimony as to how the collision occurred is directly contrary to that of Brown, corroborates that of Crew, and shows that she has no case against the latter. Hence, it is argued that the verdict and judgment in her favor against Crew cannot stand.

■ While the decisions on the subject from other jurisdictions are not harmonious,[2] this court, beginning with the earlier case of *Virginia Ry., etc., Co.* v. *Godsey,* 117 Va. 167, 83 S. E. 1072, and continuing down to the present time, has consistently held that where a litigant testifies unequivocally to facts within his knowledge and upon which his case turns, he is bound thereby and cannot rely upon other evidence in conflict with his own testimony to strengthen his case.[3]

Although the principle has usually been invoked and applied against a plaintiff to defeat his recovery, it applies with equal force to a defendant. *Bassett & Co.* v. *Wood,* 146 Va. 654, 660, 132 S. E. 700. See also, Annotation, 169 A. L. R. 798, 800.

Theoretically, the rule is based upon the principle that such testimony of the litigant has the force of a judicial admission. See 9 Wigmore on Evidence, 3d. Ed., section 2594-a, p. 597 *ff*; 20 Am. Jur., Evidence, section 1181, pp. 1032-1033. Frequently it is applied to prevent a party from belying his own sworn testimony. As was said in *Massie* v. *Firmstone, supra* (134 Va., at page 462), "No litigant can successfully ask a court or jury to believe that he has not told the truth."

But even in those jurisdictions in which the rule is strictly applied it is subject to limitations and exceptions. In *Massie* v. *Firmstone, supra,* the rule was applied to hold the plaintiff, a real-estate broker, to his own testimony which showed that he had not earned the commission for which he sued, in that he had not perfected a verbal sale of the property.

[2] See Annotation, 169 A. L. R. 798, 809, *et seq.*
[3] In the annotation in 169 A. L. R. 798, 815, 825, the Virginia decisions are grouped with those in which the rule has been strictly applied.

There the litigant was testifying to facts peculiarly within his knowledge.

And, so, in a personal injury case, if the plaintiff, a person of average intelligence and in possession of his faculties, while detailing the circumstances of the accident, clearly and unequivocally testifies to facts which show as a matter of law that he has no case, he is bound thereby and cannot recover.

Whether such has been the effect of the litigant's testimony must be determined from a fair reading of it as a whole, and not merely by reference to isolated statements which are adverse to his claim. See *Tignor* v. *Virginia Elec.,* *etc., Co.,* 166 Va. 284, 290, 291, 184 S. E. 234, 236.

Unless the testimony of the litigant shows clearly and unequivocally that he has no case, or where fair-minded men may differ as to the effect of his testimony, the litigant is not concluded thereby. In such a situation his testimony is to be considered by the jury along with all of the other evidence in the case. See *Tennes* v. *Tennes,* 320 Ill. App. 19, 50 N. E. (2d) 132, 139, and cases there cited.

Tested by these principles the testimony of the plaintiff (Miss Nelson) does not, in our opinion, clearly and unequivocally show that she has no case against the defendant, Crew.

The gist of Crew's defense to her action against him, as indicated in his own testimony, was that the Brooks truck suddenly and without warning stopped in front of the Crew truck when the latter was so close upon the vehicle ahead that it was impossible for him (Crew) to have avoided the collision.

Brown's testimony, which the verdict indicates the jury accepted, was to the effect that the Brooks truck had been brought to a stop a considerable distance ahead of the Crew vehicle, and that this should have enabled Crew, by the exercise of proper care, to have avoided the collision.

It is true that Miss Nelson testified that the Brooks truck stopped "suddenly" and without the proper signal having been given. But she repeatedly stated throughout persistent questioning on the subject that she did not "know,"

did not "remember," and had "no idea how far" it stopped ahead of the vehicle in which she was riding—whether "as much as half a block," "one block," or "two blocks." She was unable to say within what distance the Brooks truck came to a stop after having begun to slow down. When she took her eyes off the road ahead and turned to speak to her companion (Crew), the Brooks truck was moving. When she next looked ahead, it had come to a stop.

■ It is not surprising that the testimony of the plaintiff here is vague and confusing as to the circumstances of the collision in which she was rendered unconscious and otherwise severely injured. It is a matter of common knowledge that frequently a person's observation and recollection of swiftly moving events immediately preceding the crash in which he is severely injured are confused and distorted. Not only is this so, but he may perceive correctly and remember accurately some of the circumstances and yet be unable to give a correct statement of all. See Moore on Facts, Vol. 2, section 695, pp. 749-751.

■ While the jury might have inferred from the whole of the plaintiff's testimony that it corroborated Crew's claim that the Brooks truck stopped only a short distance ahead of the Crew truck, we cannot say as a matter of law that such was its effect.

On the whole we are of opinion that there is ample evidence to sustain the verdict in favor of the plaintiff against the defendant, Crew, and hence the judgment entered thereon is

*Affirmed.*