## Richmond

## DANIEL HOLLAND v. SHARON A. HOLLAND.

April 22, 1977.

Record No. 760418.

Present, All the Justices.

*John R. Crumpler, Jr. (Seawell, McCoy, Dalton, Hughes, Gore & Timms*, on brief), for plaintiff in error.

*Richard N. Levin (Levin, Marcus & Levin*, on brief), for defendant in error.

Per Curiam.

In this automobile accident case, we apply the *Massie-Firmstone* * maxim that if a litigant, a person of average intelligence and in possession of his faculties, testifies clearly and unequivocally to facts within his knowledge which show as a matter of law he has no case, he is bound thereby and may not recover. *Baines* v. *Parker*, 217 Va. 100, 225 S.E.2d 403 (1976); *Scott* v. *Foley*, 205 Va. 382, 136 S.E.2d 849 (1964).

---

* 134 Va. 450, 114 S.E. 652 (1922).

On April 11, 1975, in the City of Portsmouth, plaintiff-appellee Sharon A. Holland was a passenger in the right front seat of an automobile being driven by her husband, defendant-appellant Daniel Holland, when it was in collision with one being operated by Adolphus Croson. Plaintiff sued her husband and Croson alleging their joint negligence caused her to sustain bodily injuries and other damages. A jury found for plaintiff against her husband, but in favor of Croson, and assessed the damages at $2,000. The husband moved to set aside the verdict on the ground plaintiff's own testimony absolved him of negligence. The trial court overruled the motion, and judgment was entered on the verdict. We granted the husband a writ of error to the January 30, 1976 final order. Croson is not a party to this appeal.

The collision occurred about 6:20 p.m. on Airline Boulevard, a four-lane, east-west street with two travel lanes running in each direction. Both vehicles were being driven east, at speeds not revealed by the testimony, in a 35 mile-per-hour zone.

The statements of the parties as to the facts of the accident were in direct conflict. The evidence offered by plaintiff and her husband showed the Holland vehicle was being operated in the left eastbound lane when Croson, suddenly and without warning, drove his automobile from the right eastbound lane into the left lane in front of the Holland car, causing the right front fender and right side of the Holland vehicle to collide with the "left rear side and bumper" of Croson's vehicle. Croson's evidence on the other hand, showed that immediately before the accident, he was traveling in the left eastbound lane preparing to make a left turn. He stated he actuated his left-turn signal and that, while stopped in the left lane, his vehicle was struck on the left rear side by Holland's following vehicle.

During plaintiff's full description of the accident, she testified "a car from our right side just cut right in front of [our] car." To the question: "Mrs. Holland, as I understand it, this accident occurred when this other car swerved in front of you; is that right?", plaintiff answered "Yes, sir." These statements were characteristic of her whole account of the incident. In addition, to the questions: "Your husband wasn't driving poorly, was he?" and "He didn't do anything wrong, did he?", plaintiff answered "No, sir." Plaintiff further testified she was looking "straight ahead" at the time. She denied her attention was distracted by

anything within or outside the vehicle, or by any conduct of her infant daughter who was sitting on her lap.

We must determine if plaintiff may rely on Croson's evidence to sustain her case, and to create a jury issue as to the husband's negligence, or whether her own testimony, which exonerated the husband of negligence, is binding upon her and bars her recovery as a matter of law. We think she is precluded by her own testimony, under the *Massie-Firmstone* rule.

Here, there is clear and unequivocal testimony from the plaintiff that, through no fault of her husband's, the vehicle in which she was riding was struck by a car which suddenly cut in front of it from the right lane. Fair-minded men could not reasonably infer from this positive testimony that plaintiff's husband was negligent. To the contrary, plaintiff's factual account of the events, acquired from her front-seat vantage point, absolves the husband of any wrongdoing.

Plaintiff contends her statements are non-binding opinions. But we have more than mere opinion that the husband "wasn't driving poorly" and "didn't do anything wrong", which would be insufficient, standing alone, to block plaintiff's claim. *See Yates* v. *Potts,* 210 Va. 636, 639, 172 S.E.2d 784, 786-87 (1970); *Saunders* v. *Bulluck,* 208 Va. 551, 553-54, 159 S.E.2d 820, 823 (1968). Rather, plaintiff's testimony that Croson "just cut right in front of" and "swerved in front of" Holland are recitals of facts within her knowledge which are certain and unambiguous. Thus, she will not be heard to contend those statements are untrue by attempting to rely on Croson's evidence which is in irreconcilable conflict with hers. *See Harris* v. *Harris,* 211 Va. 459, 462, 177 S.E.2d 534, 536 (1970). Accordingly, the plaintiff is bound by her testimony and the trial court erred in ruling to the contrary.

For these reasons, the judgment appealed from will be reversed, the verdict will be set aside and final judgment will be entered here in favor of the husband.

*Reversed and final judgment.*