## CIRCUIT COURT OF THE CITY OF NORFOLK

Pratt

v.

Mary Queen et al.

March 1, 1979

Case No. (Law) L-78-1352

## By JUDGE EDWARD L. RYAN, JR.

Defendant Mary Queen moves the court to set aside the verdict for $20,000.00 in favor of the plaintiff and invokes in support thereof the principles enunciated in *Massie v. Firmstone*, 134 Va. 450 (1922), and the subsequent long line of Virginia cases following those principles. In essence, a litigant is bound by his own testimony and cannot rely on the contradictory or different testimony of others to sustain a recovery.

> He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified. *Massie, supra.*

Mary Queen tells the court "That the testimony of (plaintiff) is clear and unequivocal. She did not testify to any act of negligence on the part of Queen. She did not establish or make out a case of negligence against Queen in any regard. She did not place any blame or responsibility or fault or negligence upon Queen." This requires an examination of plaintiff's testimony, the following being taken from the transcript of her evidence:

Q. On this day was Mrs. Queen a good driver?

A. *I'd say* she was.

Q. Before this accident occurred . . . was she all right?

A. Yes.

Q. And just after leaving Lewis' and before the accident, Mrs. Queen was driving her car at a moderate or reasonable speed?

A. Yes, sir.

Q. Did she *seem* to be operating it properly as far as you could tell?

A. Yes, sir.

Q. Did you have any--or do you today have any objections in the way in which she was operating her car?

A. No, sir.

Q. . . . were you alarmed in any way about the fact there might be a collision?

A. No.

Q. Did it seem to you that the cars might collide?

A. No.

Q. Did it *seem* reasonable to you for Mrs. Queen to drive on through the intersection on Mayflower Drive?

A. It *seemed* so.  (Italics added.)

The *Massie* doctrine applies *only* to statements of facts, to statements within the litigant's own knowledge,

and to necessary inferences therefrom. It does *not* apply to statements of opinion. *Baines v. Parker and Gladding*, 217 Va. 104 (1976). A litigant is not bound by his highest *estimate* of his speed. *Yates v. Potts*, 210 Va. 636 (1970). A plaintiff's statement the defendant "wasn't driving poorly" and "didn't do anything wrong" is *not* sufficient, standing alone, to block plaintiff's claim. *Holland v. Holland*, 217 Va. 874 (1977). Statements that "we weren't driving fast. He didn't seem to be driving reckless in any way, as far as I am concerned" have been said to be mere expressions of opinion. *Saunders and Rittenhouse v. Bullock*, 208 Va. 551 (1968).

Much of the wording of the questions put to plaintiff and her answers are relative, indefinite and adjectival and thus without probative value. *Holland v. Harrell*, 190 Va. 618 (1950). Consider: "good driver," "was she all right," "driving her car at a moderate or reasonable speed," "seem to be operating it properly as far as you could tell," "any objections in the way in which she was operating," "were you alarmed in any way," "seem . . . the cars might collide" and "did it seem reasonable to you for Mrs. Queen to drive on through the intersection."

Considering the plaintiff's testimony in the light most favorable to her, as required on this motion, the court concludes that her supposedly fatal utterances were mere expressions of opinion and that she is not barred from recovery by the principles of *Massie*.