### Richmond

OELKJEM WIERINGA

V.

ERNEST B. MOODY, JOHN DOE 1, AND JOHN DOE 2

June 6, 1980.

Record No. 780953.

Present: All the Justices.

*Worth D. Banner* (*Douglas B. Smith; White, Reynolds, Smith & Winters,* on briefs), for appellant.

*George H. Gray; Walter G. Bondurant, Jr.* (*Richard S. Young; Outland, Gray, O'Keefe and Hubbard; Young & Bondurant,* on briefs), for appellees.

COCHRAN, J., delivered the opinion of the Court.

Ernest B. Moody filed a motion for judgment in the trial court against Oelkjem Wieringa and John Doe for damages arising from an automobile collision on August 8, 1976, resulting from the allegedly negligent operation of their respective vehicles by Wieringa and an unknown motorist designated as John Doe (subsequently John Doe 1). In a pretrial deposition, Wieringa asserted that the negligence of another unknown motorist caused the accident. Thereafter, with leave of court, Moody filed an amended motion for judg-

ment setting forth Wieringa's allegation that the negligent operation of a second unknown vehicle was a proximate cause of the accident, and naming Wieringa, John Doe 1 and John Doe 2 (the second unknown driver) as defendants.

At the ensuing jury trial, presentation of the plaintiff's evidence was interrupted to permit Wieringa to introduce out of order, for the convenience of the witnesses, certain medical evidence and employment records in mitigation of Moody's damages. After the presentation of the plaintiff's evidence had been completed, Wieringa offered no further evidence. Counsel for John Doe 1 and John Doe 2 then moved to strike the plaintiff's evidence as to those defendants, and, over objection by Moody and by Wieringa, the trial court sustained the motion and entered summary judgment in favor of both unknown motorists. The plaintiff's case against Wieringa was submitted to the jury, which returned a verdict in favor of Moody in the amount of $15,000. Overruling Wieringa's motion to set aside the verdict and award a new trial, the trial court entered final judgment on the verdict. On appeal, Wieringa contends that the court erred in striking the plaintiff's evidence and entering summary judgment for John Doe 1 and John Doe 2, and in refusing certain jury instruction which she proffered.

The uncontradicted evidence showed that the accident occurred in the afternoon of a misty, damp day at the intersection of London Boulevard and Broad Street in Portsmouth. Wieringa's automobile, proceeding in the center lane of three eastbound lanes on London Boulevard, crossed the median curbing and struck Moody's automobile moving west on London Boulevard in the left-turn lane as Moody prepared to turn left into Kirn Avenue (the continuation of Broad Street south from London Boulevard). The posted speed limit on London Boulevard was 40 miles per hour. The parties adduced no evidence that any negligence of Moody proximately caused or contributed to cause the accident, and the court instructed the jury accordingly.

Called as an adverse witness by Moody, Wieringa testified that as she approached the intersection at approximately 35 miles per hour a blue car (John Doe 1), travelling south on Broad Street, crossed the westbound lanes of London Boulevard and turned left into the far right-hand eastbound lane of that street. She stated that this vehicle did not affect her driving. She asserted, however, that a yellow car (John Doe 2), also proceeding south on Broad Street, ran through the stop sign at the Broad Street entrance to the inter-

section and crossed the westbound and eastbound lanes of London Boulevard at an estimated speed of 50-55 miles per hour, putting Wieringa and John Doe 2 on a collision course. She "jumped on" her brakes, came within one meter of striking the unknown car, and skidded to her left across the median curbing into the left side of Moody's automobile. Wieringa's automobile had recently been inspected and the brakes functioned properly.

Moody testified that as he approached the intersection a blue car moved slowly from Broad Street into the intersection, crossed in front of him, and made "about a normal turn" into the left-hand eastbound lane of London Boulevard next to the median strip. Moody was in his left-turn lane when the blue car passed him on the opposite side of the median. He conceded that the blue car did not obstruct his way and had no bearing upon his driving. Moody testified that after the blue car had safely entered the eastbound lane of London Boulevard, Wieringa's car, moving at 50-55 miles per hour, came "fishtailing" through the intersection, crossed the median curb and struck his vehicle. He never saw the yellow car described by Wieringa, and no other car but hers was there, so far as he could see.

Counsel for John Doe 1 and John Doe 2 have filed a motion to dismiss Wieringa's appeal as to them on the ground that the rulings of the trial court in favor of the unknown motorists were adverse to Moody, the plaintiff, rather than to Wieringa, and Moody has not filed any assignment of cross-error to the rulings. We find it unnecessary to determine the question of Wieringa's standing, however, because we conclude that the rulings were correct.

■ The principle established in *Massie* v. *Firmstone*, 134 Va. 450, 114 S.E. 652 (1922) and followed in subsequent cases, has recently been restated as follows:

"if a litigant, a person of average intelligence and in possession of his faculties, testifies clearly and unequivocally to facts within his knowledge which show as a matter of law he has no case, he is bound thereby and may not recover".

*Holland* v. *Holland*, 217 Va. 874, 234 S.E.2d 65 (1977). *See Baines* v. *Parker and Gladding*, 217 Va. 100, 104, 225 S.E.2d 403, 406 (1976); *Crew* v. *Nelson*, 188 Va. 108, 113-114, 49 S.E.2d 326, 328-29 (1948).

Here, Moody, a locomotive engineer at the time of the accident, had been employed for 22 years by the Norfolk & Portsmouth Belt Line Railroad. His clear and unequivocal testimony, on direct ex-

amination and on cross-examination, showed him to be a person of at least average intelligence. There is no suggestion in the record that he was not in full possession of his faculties when the accident occurred and when he testified. Testifying to facts within his knowledge, he asserted that the blue car crossed the intersection and turned into the near eastbound lane of London Boulevard before Wieringa's car began "fishtailing". Moody's testimony failed to show any negligence on the part of the operator of the blue car proximately causing or contributing to cause the accident. Moreover, Wieringa confirmed that this unknown motorist "had nothing to do with it", that the blue car did not affect her driving and completed its turn into London Boulevard before she reached the intersection. Therefore, aside from the *Massie* v. *Firmstone* doctrine, there was no evidence of any negligent act of John Doe 1, and the trial court properly struck the plaintiff's evidence as to this defendant.

As to John Doe 2, the clear and unmistakable import of Moody's testimony establishes that he had an unobstructed view of the intersection as he approached it, that he saw no second unknown automobile, that if there had been another car he would have seen it, and, accordingly, to the best of his knowledge, there was no such vehicle. The absence of such a car constituted a fact within his knowledge to which he testified with commendable candor. He acknowledged that he could have mistakenly identified the color of the car that turned into London Boulevard, but the color was irrelevant. Whatever its color, that was the only car, according to Moody, other than his and Wieringa's, that was at or near the intersection, and it had nothing to do with the collision.

Thus Moody's testimony established that he had no case against either unknown motorist. Regardless of testimony by Wieringa as to John Doe 2, Moody's case is concluded by his own testimony to the effect that there was no second unknown motorist. Moreover, in oral argument upon Wieringa's appeal, his counsel agreed that the trial court had ruled correctly in striking the plaintiff's evidence as to the unknown motorists under the *Massie* v. *Firmstone* doctrine.

Moody had the burden that every plaintiff bears of proving a prima facie case. He did so as to Wieringa; he did not do so as to the unknown motorists. We hold that the trial court correctly sustained the motion to strike the plaintiff's evidence as to both John Doe 1 and John Doe 2.

Counsel for Moody moved to strike Wieringa's evidence on the ground that the evidence showed that her negligence was the sole

proximate cause of the accident. When counsel for Wieringa objected because of her testimony concerning the actions of the unknown driver of the yellow car, the trial court denied the motion, stating that the jury should decide "that question". The judge then informed the jury that the plaintiff had not made out a case against either John Doe and "John Doe is no longer with us".

■ The question remains whether the trial court erred in refusing certain instructions proffered by Wieringa. Each of these instructions, E, F, G, and H, referred to "John Doe", without specifying John Doe 1 or John Doe 2. Instructions F and G were finding instructions, requiring the jury to return a verdict in favor of Wieringa if it found that John Doe had committed certain specified acts of negligence that constituted the sole proximate cause of the accident. In oral argument, counsel for Wieringa conceded that unless the trial court erred in striking the plaintiff's evidence as to John Doe 1 and John Doe 2 these two finding instructions were properly refused. Having found no error by the trial court in this respect, we need give no further attention, therefore, to Instructions F and G.

■ Wieringa argues, however, that she was entitled to have the jury instructed in accordance with the evidence supporting her theory of the case. While we agree with this principle, we conclude that the trial court did not commit reversible error in refusing Instructions E and H as tendered. Instruction E related to the right-of-way as between Wieringa and John Doe. Instruction H related to Wieringa's duty when confronted by a sudden emergency "created by the defendant, John Doe, failing to stop for the stop sign and suddenly entering the intersection in front of her".

The trial court amended Instruction H by striking out the language quoted above and granted this modified version as Instruction B, which did not specify the nature of the sudden emergency. Instruction A, also granted, informed the jury that the plaintiff retained the burden of proving by a preponderance of the evidence that Wieringa was guilty of negligence that proximately caused the accident, and told the jury further that if it remained uncertain whether such negligence had been proven or believed with equal probability that Wieringa was not negligent, the jury should find in her favor.

In the instructions granted by the trial court, there are no references to John Doe. As neither John Doe 1 nor John Doe 2 remained a party defendant to the action at the time the case was argued to the jury, we believe the proffered instructions containing references to John Doe would have confused the jury, especially since the court

had instructed the jury that John Doe had been removed from the case. Wieringa did not submit supplemental, revised, or amended instructions after the trial court refused Instruction E and amended Instruction H. Nevertheless, Instructions A and B did articulate her theory in general terms. We hold, therefore, that the trial court did not commit reversible error in refusing Instructions E, F, G, and H in the form presented.

Wieringa could have argued under the granted instructions that she was not negligent, and that negligence on the part of the unknown driver of the yellow car, as she had testified, caused her to lose control of her vehicle. If, as her counsel indicated before us, the trial court refused to permit that argument to be made to the jury, timely objection should have been interposed. The record before us discloses no such objection. Indeed, the record contains no ruling in limitation of argument and no transcript of the argument to the jury. Under these circumstances, we cannot determine whether the trial court improperly restricted the argument of Wieringa's counsel. Rule 5:21.

For the reasons stated, we will affirm the judgment order entered by the trial court.

*Affirmed.*