CLYDE WILSON PIERCE

V.

LEWIS WILLIAM MARTIN, FOR THE BENEFIT OF
COMMERCIAL UNION INSURANCE COMPANY

Record No. 821610

September 6, 1985

Present: All the Justices

*S. J. Thompson, Jr. (John T. Cook; Caskie, Frost, Hobbs, Thompson, Knakal & Alford*, on briefs), for appellant.
*Floyd C. Jennings, Jr. (Rhodes, Jennings & Livingston*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

This suit for contribution, Code § 8.01-34,[1] was brought by Lewis William Martin for the benefit of Commercial Union Insurance Company (Martin) against Clyde Wilson Pierce to recover $108,250, one-half the sum which Martin paid to certain injured parties. Pierce contends, among other things, that because the injured parties as a matter of law could not have recovered against him, the trial court erred in granting Martin a judgment against him for contribution. Our resolution of this contention disposes of this appeal.

Pierce and Martin were involved in a motor vehicle collision on July 2, 1979, about 6:00 p.m., on Route 501, in Campbell County. Route 501 was a two-lane highway running north and south. Each lane was approximately 12 feet wide. In the vicinity of the accident, the highway was relatively straight and level. The weather was dry and visibility was good.

Pierce was driving in a southerly direction. His passengers were his daughter and son-in-law, Mary and John Burton, his wife, Frances, and three of his infant grandchildren. Martin, an employee of Marvin Templeton, was operating one of Templeton's dump trucks in a northerly direction, following another Templeton dump truck (the front dump truck).

The physical evidence established that the Pierce and Martin vehicles collided in the southbound lane, partly on the shoulder. The Pierce vehicle left skid marks measuring 101 feet and 11 inches, all of which were in the southbound lane. There was no evi-

---

[1] Code § 8.01-34 reads:

Contribution among wrongdoers may be enforced when the wrong results from negligence and involves no mortal turpitude.

dence that the Pierce vehicle made any marks in the northbound lane.

Martin's truck left skid marks of 204 feet and one inch. These marks began and continued in the northbound lane until they veered sharply to the left across the southbound lane to the point of collision. When the Martin truck came to rest, it was facing south, having spun around approximately 180 degrees.

The front dump truck left skid marks in the northbound lane north of the point of collision. A portion of these marks was parallel with a portion of Pierce's skid marks.

The testimonial evidence conflicted sharply. Martin and his witnesses testified that Pierce was traveling southbound at 70 to 80 miles per hour, and that while passing a number of vehicles, Pierce forced the front dump truck off the pavement of the highway. When this occurred, Martin suddenly applied his brakes to avoid striking the front dump truck and Pierce's car, and Martin's truck skidded to the point of collision.

Pierce testified that he was driving in the southbound lane at a lawful speed when the Martin truck suddenly entered his lane. It appeared to Pierce that Martin was attempting to pass the front dump truck. While in the act of passing, Martin's truck spun around in front of Pierce. In trying to avoid Martin, Pierce applied his brakes and moved his automobile to the right. However, the vehicles collided in the southbound lane, partly on the shoulder. Each of Pierce's three adult passengers corroborated his version of the accident, placing sole responsibility for the accident upon Martin and completely exonerating Pierce.

All of Pierce's passengers sued Martin for injuries sustained in the accident; none sued Pierce. Martin reached a compromise settlement aggregating $216,500, apportioned among the passengers as follows: John Burton, $150,000; Mary Burton, $60,000; Frances M. Pierce, $5,000; Ronnie Lloyd, an infant, $500; Kevin Lloyd, an infant, $500; and Cindy Lloyd, an infant, $500. Martin's contribution judgment was for one-half of this sum.

■ It is firmly established that a contribution plaintiff cannot recover from a contribution defendant unless the injured party could have recovered against the contribution defendant. *Bartlett v. Recapping, Inc.*, 207 Va. 789, 153 S.E.2d 193 (1967); *see also VEPCO* v. *Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981); *Norfolk Southern* v. *Gretakis*, 162 Va. 597, 174 S.E. 841 (1934). In *Bartlett*, we said:

Code § 8-627 [now Code § 8.01-34] provides for contribution among wrongdoers for mere acts of negligence not involving moral turpitude. However, before contribution may be had it is essential that a cause of action by the person injured lie against the alleged wrongdoer from whom contribution is sought.

207 Va. at 792-93, 153 S.E.2d at 196.

In *Holland* v. *Holland,* 217 Va. 874, 234 S.E.2d 65 (1977), we applied the doctrine first pronounced in *Massie* v. *Firmstone,* 134 Va. 450, 114 S.E. 652 (1922). We held that "if a litigant, a person of average intelligence and in possession of his faculties, testifies clearly and unequivocally to facts within his knowledge which show as a matter of law he has no case, he is bound thereby and may not recover." 217 Va. at 874, 234 S.E.2d at 66. We also ruled that a plaintiff who testified that another automobile "cut right in front of" the automobile operated by her husband and that her husband "didn't do anything wrong" had absolved her husband of any wrongdoing. 217 Va. at 875, 234 S.E.2d at 66. We found that these expressions were not merely non-binding opinions but were "clear and unequivocal" statements of fact which triggered application of the *Massie* v. *Firmstone* doctrine, 217 Va. at 876, 234 S.E.2d at 67.

Martin concedes that, had the injured adults sued Pierce, *Massie* v. *Firmstone* would have barred recovery. He contends, however, that the above-stated rule barring a contribution plaintiff is "not applicable to the facts and posture" of the present case, but is confined to legal barriers (such as the exclusive remedy afforded under worker's compensation) and to immunities (such as those afforded to governments and charities). We disagree.

In *Bartlett,* we applied the rule barring a contribution plaintiff from recovering against a contribution defendant. The bar was not based on a legal barrier or a legal immunity. It was based, instead, on a failure of proof. The evidence failed to establish that the contribution defendant breached any duty owed the injured parties. Because the contribution defendant was not liable to the injured parties, the contribution plaintiff was barred from recovering against her. 207 Va. at 794, 153 S.E.2d at 197.

The same rationale applies in the present case. Had the injured adults asserted a claim against Pierce, in view of their unequivocal testimony, the *Massie* v. *Firmstone* doctrine would have barred

their recovery. Thus, Martin is not entitled to contribution for the sums he paid the injured adults.

The decision we reach, however, does not affect the judgment as it relates to the injured infants. They did not testify, and the injured adults' testimony would not have bound these infants. Thus, the judgment, as it relates to the infants ($750) will be affirmed.[2] In all other respects, however, the judgment will be reversed.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*

---

[2] Martin assigned cross-error claiming the trial court erred in refusing to award interest from the date he paid the claims. Whether prejudgment interest is awarded is discretionary with the court, Code § 8.01-382, and we find no abuse of discretion.