## CIRCUIT COURT OF BRUNSWICK COUNTY

Roberts

    v.

Bernice Flowers

Case No. 42-84

Jackson

    v.

Bernice Flowers

Case No. 43-84

Crittenden

    v.

Bernice Flowers

Case No. 44-84

January 15, 1986

By JUDGE W. PARK LEMMOND, JR.

The Court sustains the Motions for Summary Judgment.
The three plaintiffs were passengers in the vehicle of the defendant, which was involved in an accident in Lawrenceville on Route 46. The accident involved two vehicles, the other being an automobile operated by Good-

rich. The defendant in these three cases, Flowers, settled her claim with Goodrich out of court, and Goodrich obtained a verdict of $1,000 against Flowers on counterclaim. The above claims were then instituted by Motions for Judgment in the Brunswick Circuit Court.

Each of the plaintiffs testified in the counterclaim trial, and each testified by way of deposition prior thereto. By agreement and admission, all of this testimony was before the Court in these three actions.

All three plaintiffs testified to the following facts, *inter alia*:

1. The Goodrich vehicle was stopped, apparently parked, on the extreme right side of the northbound lane of Route 46.

2. There was sufficient room for Flowers to pass the Goodrich vehicle while remaining totally within the northbound lane since this was an unusually wide two lane road. This fact is supported by Exhibit 4 (photograph).

3. Each of the plaintiffs observed the Goodrich vehicle and the actions of both drivers prior to the collision, and the plaintiffs denied any inattentiveness when questioned fairly extensively on that issue, other than all agreed that things happened very quickly.

4. The Flowers vehicle was almost abreast of the Goodrich vehicle when the Goodrich vehicle pulled from the curb, and turning left cut across the road into the path of the Flowers vehicle.

5. All plaintiffs stated that they saw no turn signal.

6. Flowers swerved to the left to avoid the impact.

7. Flowers was driving within the speed limit.

8. There was nothing more that Flowers could do to avoid the collision.

In addition to the above, the plaintiffs' individual testimony regarding the action of the defendant Flowers was, in part, as follows:

> *Roberts*: "As soon as we got up on it, she started pulling across. Bernice [Flowers] had no other choice but to hit her. Trying to go around her, she did hit her in the back, so went to the left." (Trial transcript, page 12).

*Question*: "Is there anything that she [Flowers] was doing wrong that you observed or saw? The way she was driving the car?" *Answer*: "No, sir, unh-unh."

*Jackson*: "Miss Goodrich's car was parked to the right. So Bernice [Flowers] was, like any driver would do, enough room to go around, she would go around. As we was, you know, going around, she was heading, coming on towards us. And Bernice was getting ready to get out of the way. Then when she got out of the yellow line, she was still coming. That's when the impact." (Deposition, page 102).

Q. Did Mrs. Flowers have time to slam on brakes to stop, or avoid the accident, at that point?"

A. "Well, the car was parked over here and still, if she had slammed on brakes, she would have got her more in the back than she did in the front."

Q. "She would have hit her anyhow."

A. "Uh-huh."

Q. "Was there anything else she could have done to have avoided the accident?"

A. "Not unless she swerved over, went to the left and hit those trees maybe over there, made it worse than it was."

*Crittenden*: "We was on our way home, and we was going, heading north, Brenda's [Goodrich's] car was--look like it was sitting on the curb, and so Bernice [Flowers], when she got up on her, Bernice pulled around, to proceed on, and by the time Bernice pulled around her, Brenda pulled out at the same time and speeded up a little bit, and when she speeded up, she

turned. That is when Bernice had to hit into her."

The Court finds the doctrine of *Massie v. Firmstone*, 134 Va. 450 (1922), to be controlling. The cornerstone of *Firmstone* is that no litigant can successfully ask a court or jury to believe that he or she has not told the truth. His or her statements of fact and the necessary and reasonable inferences drawn therefrom are binding upon such litigant. Or, as has been said so many time, the plaintiff cannot rise above his or her own testimony. Cases cited by the plaintiffs arise in factually different circumstances where the record was silent as to material facts or where the persons testifying did not have an opportunity to observe those things about which they testified, etc.

The testimony of the three plaintiffs was not equivocal and the matters to which they testified were clearly within their personal knowledge and observation. Their testimony completely absolves Flowers of any negligence, and this testimony is binding upon them.

The Court finds *Baines v. Parker, et al.*, 217 Va. 100 (1976), and *Holland v. Holland*, 217 Va. 874 (1977), cited by defendant as ample authority on the law applicable to the cases at bar, and strikingly similar in factual makeup as well.

There being no material issue genuinely in dispute, the Motions for Summary Judgment are granted and judgment will be entered for the defendant.