## CIRCUIT COURT OF AMHERST COUNTY

Richard H. Gilbert, Jr.

v.

Melissa W. Blanks
and Fred Allen Brooks

August 22, 1991

Case No. (Law) 3867

By JUDGE J. MICHAEL GAMBLE

I am writing this opinion letter to give my opinion on whether or not Melissa W. Blanks can claim indemnity from Fred Allen Brooks as a result of the judgment by Richard H. Gilbert, Jr., against Fred Allen Brooks in the above-styled case.

The jury awarded Richard H. Gilbert, Jr., judgment against Melissa W. Blanks in the amount of $100,000.00 and found in favor of the defendant, Fred Allen Brooks, at the trial on June 20, 1991. The Court affirmed this verdict in its Order dated June 25, 1991. In the facts of this case, Richard H. Gilbert, Jr., was a passenger in an automobile operated by Fred Allen Brooks. This vehicle collided with a vehicle operated by Melissa W. Blanks at the intersection of U. S. Route 29 and Amelon Road in Madison Heights, Virginia.

A separate case of *Fred Allen Brooks v. Melissa W. Blanks* arising out of the same automobile accident was tried in the Amherst County Circuit Court before a jury. Melissa W. Blanks filed a counter-claim against Fred Allen Brooks in such case. The jury, after hearing the evidence, returned a verdict for Melissa W. Blanks on her counter-claim against Fred Allen Brooks and failed to find a verdict in favor of Fred Allen Brooks.

In her motion for indemnity in the instant case, Melissa W. Blanks maintains that the verdict in her favor in the case of *Fred Allen Brooks v. Melissa W. Blanks* requires that she receive indemnity from Fred Allen Brooks for the damage judgment which has been rendered in the instant case of *Richard H. Gilbert, Jr. v. Melissa W. Blanks and Fred Allen Brooks.*

The Virginia Supreme Court has held in many instances that a contribution plaintiff (Melissa W. Blanks) cannot recover against a contribution defendant (Fred Allen Brooks) unless the injured party (Richard H. Gilbert, Jr.) could have recovered against the contribution defendant (Fred Allen Brooks). *Pierce v. Martin*, 230 Va. 94, 96, 334 S.E.2d 576 (1985). *See also, VEPCO v. Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981); *Norfolk Southern v. Tretakis*, 162 Va. 597, 174 S.E.2d 841 (1934).

In *VEPCO v. Wilson*, 221 Va. 980, 981 (1981), the Supreme Court of Virginia ruled, citing *Bartlett v. Roberts Recapping, Inc.*, 207 Va. 789, 792-93, 153 S.E.2d 193, 196 (1967), that before contribution may be had, it is essential that a cause of action by the person injured lie against the alleged wrongdoer from whom contribution is sought. *See also* § 8.01-34 of the Code of Virginia (1950), as amended.

In the instant case, the person injured was Richard H. Gilbert, Jr. By virtue of the jury verdict in the instant which was approved by the Court, Richard H. Gilbert cannot recover against Fred Allen Brooks. Therefore, there is no right of contribution by Melissa W. Blanks against Fred Allen Brooks because Richard H. Gilbert, Jr., has no right of recovery against Fred Allen Brooks.

Melissa W. Blanks pleads for indemnity from Fred Allen Brooks. This has been treated as a plea for contribution. Melissa W. Blanks really has no claim for indemnity because indemnity must grow out of a contractual relationship. *VEPCO v. Wilson*, 221 Va. 979, 981-82, 227 S.E.2d 149 (1981). In this case there has been no evidence of any contractual relationship between Fred Allen Brooks and Melissa W. Blanks. All claims arise out of negligence, rather than contractual claims.

Additionally, Melissa W. Blanks is not entitled to recover on the grounds of collateral estoppel. In order for collateral estoppel to apply, there must be an identity

of parties in both proceedings. Richard H. Gilbert, Jr., the plaintiff in the instant case, was not a party in the case of *Fred Allen Brooks v. Melissa W. Blanks*. The Supreme Court of Virginia held in *Norfolk & Western v. Bailey*, 221 Va. 638, 640, 272 S.E.2d 217 (1980), as follows:

> Under the concept of collateral estoppel, privies are precluded from litigating (in a subsequent suit) any *issue* of fact actually litigated and essential to a valid and final judgment in the first action. *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974).

In *N. & W. v. Bailey*, 221 Va. at 642, the Supreme Court of Virginia held that the requirement of mutuality applies to both offensive and defensive use of collateral estoppel.

Accordingly, the cross-claim of Melissa W. Blanks for indemnity from Fred Allen Brooks is denied by the Court. The Court understands that the cross-claim brought by Fred Allen Brooks for indemnity and/or contribution is withdrawn.