# CIRCUIT COURT OF FAIRFAX COUNTY

Lisa Valandingham

 v.

Nationwide Mutual
Ins. Co. et al.

January 17, 1997

Case No. (Law) 148097

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court upon the Defendant Pascale's Motion to Strike. The Court took the matter under advisement and requested briefs and oral arguments on the motion. Having now heard the oral argument and having reviewed the briefs and underlying authorities, the Court grants the Motion to Strike.

### *Facts*

On July 2, 1994, the Plaintiff Lisa Ann Valandingham was a passenger in a truck owned and operated by the Defendant Cindy Lu Pascale. The Plaintiff was injured when the truck in which she was riding went off a narrow rural road. Valandingham then sued Pascale for negligence as the driver of the truck. She also sued another unnamed Defendant John Doe for negligence. Valandingham alleged that the accident occurred when John Doe, an oncoming vehicle, negligently entered her lane of traffic as he came around a turn. She also alleged that Pascale negligently took evasive action that caused the truck to go off the road. A jury trial was held in which the jury found for the Plaintiff against Pascale, however, they also found for the Defendant John Doe. Pascale then renewed an earlier Motion to Strike on the grounds that the Plaintiff's own testimony barred her from claiming that Pascale was negligent.

*Massie v. Firmstone Argument*

The key issue in Pascale's Motion to Strike concerns the *Massie* doctrine. This principle was established in *Massie v. Firmstone*, and provides:

> As a general rule when two or more witnesses introduced by a party litigant vary their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him .... This is not true, however, as to the testimony which he gives himself. No litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified. *Massie v. Firmstone*, 134 Va. 450, 462 (1922).

Thus, when a party "clearly and unequivocally testifies to facts that show as a matter of law that he has no case, he is bound thereby and cannot recover." *Crew v. Nelson*, 188 Va. 108 (1948). In this case, Pascale argues that Valandingham's own testimony bars her from recovering against Pascale as her testimony shows that Pascale was not negligent.

## A. *Plaintiff's Testimony*

During the trial, the Plaintiff, Lisa Valandingham, testified extensively concerning the Defendant Cindy Pascale's driving and the facts surrounding the accident. Valandingham testified that she observed Pascale's driving for "30, 40 minutes" prior to the accident. (T.R. p. 13.) During this period of time, she saw Pascale respond to traffic signals appropriately (T.R. p. 13), abide by the speed limit (T.R. p. 14), drive within her lane (T.R. p. 14), drive cautiously (T.R. p. 15), and appear to drive in a safe manner (T.R. p. 44.)

Concerning the facts surrounding the accident, Valandingham testified that as the truck she was in approached a corner, she saw another blue truck coming directly toward them that appeared to be in the middle of the road. (T.R. p. 16.) She testified that the truck appeared to be "taking over half of our lane" (T.R. p. 18) and that if the two vehicles stayed on the same path, they would have collided. (T.R. p. 46.) She then testified that Pascale turned the steering wheel to the right as an evasive maneuver. (T.R. pp. 18, 46.) She later described the accident as occurring when they were "forced off the road" by a blue truck. (T.R. pp. 20, 47.)

## B. *Application of the Massie Doctrine*

In determining whether the *Massie* doctrine applies to any particular case, the Virginia Supreme Court has stated:

> The *Massie* doctrine is not to be read as a rule of thumb, categorical, absolute and universally applicable. By definition, it applies only to "statements of fact" made by the litigant, to statements of facts "within his own knowledge," and to "the necessary inferences therefrom" .... It does not apply to statements of opinion .... It does not apply to statements made by a litigant concerning matters outside his realm of knowledge .... Nor does the rule in *Massie* apply to an adverse statement standing in isolation from the litigant's testimony as a whole.

*Baines v. Parker and Gladding*, 217 Va. 100, 104, 105 (1976).

In applying this rule to Valandingham's testimony, the Court finds helpful the Supreme Court's ruling in *Holland v. Holland*, 217 Va. 874 (1977). In *Holland*, the Plaintiff was a passenger in a car driven by her husband. The Plaintiff in that case was injured when her vehicle collided with another car. The Plaintiff sued both her husband and the driver of the other car. A jury found for the Plaintiff against her husband, but they also found in favor of the driver of the other car. The husband then moved to have the verdict set aside based upon the Plaintiff's own testimony absolving him of negligence. The Plaintiff had testified that "a car from our right side just cut right in front of [our] car." *Id.* at 875. The Supreme Court held that the Plaintiff's statements exonerated the husband of negligence under the *Massie* rule. *Id.* at 876. Specifically, the Supreme Court noted that the "plaintiff's testimony that Croson 'just cut right in front of' and 'swerved in front of' Holland are recitals of fact within her knowledge which are certain and unambiguous. Thus, she will not be heard to contend those statements are untrue by attempting to rely on Croson's evidence which is in irreconcilable conflict with hers." *Id.*

In this case, Valandingham made similar statements that exonerated the driver of her vehicle. To begin, Valandingham testified that the accident was caused by another truck that was on a collision course with her vehicle. She also testified that Pascale took action to avoid the oncoming truck by turning the steering wheel to the right. Just as the Supreme Court found in *Holland*, Valandingham's statements are certain and unambiguous, and most importantly, they exonerate Pascale of negligence. In light of the Plaintiff's

testimony of an oncoming truck, Pascale's action of turning the vehicle to the right is clearly not negligent. By turning the steering wheel, Pascale tried to avoid a collision. Unfortunately, the road she was on was quite narrow and did not have a shoulder and her evasive actions caused her truck's wheels to leave the right side of the road and to go into a gully. As the Supreme Court noted, "[o]rdinarily, questions of negligence and contributory negligence are for the jury to decide. But where fair-minded persons should not disagree concerning the reasonable inferences and proper conclusions to be drawn from the evidence, the questions become matters for decision by the trial court." *Deskins v. T. H. Nichols Line Contractor, Inc.*, 234 Va. 185, 189 (1987). If Valandingham's testimony of what happened is true, then the Court finds that fair-minded persons could not disagree in finding that Pascale's actions were not negligent. Under the *Massie* doctrine, the Court must hold Valandingham to her own testimony, and thus, the Court must find that Pascale's actions were not negligent and set aside the jury's verdict against Pascale.

The Virginia Supreme Court also addressed this issue in *Harris v. Harris*, 211 Va. 459 (1970). In *Harris*, the Plaintiff was a passenger in a car driven by her son on a road outside of Tazewell, Virginia. The Plaintiff testified that her son was driving at a moderate speed and that she did not notice anything wrong with his driving. As they approached a bridge, the Plaintiff testified that a car traveling in the opposite direction was "almost all the way on our side of the road" and was "right on us." *Id.* at 461. She then testified as to the actions taken by her son to avoid the collision. She stated that he dropped the car over the right side of the road to avoid a collision with the oncoming car, which caused their car to hit a bridge abutment. *Id.* A witness following behind the Plaintiff's car testified that he observed no other cars in the vicinity of the bridge. In this case, the Supreme Court held:

> A fair reading of plaintiff's testimony as a whole shows that the proximate cause of the accident in which she was injured was the negligence of the driver of the black and white car "almost all the way on our side of the road" when it was "right on top of us." We find it impossible to reconcile this testimony which was positive, clear and unequivocal and that of Arnold [the witness] who saw no black and white car even though that car had to pass within a few feet of him as it traveled toward Bluefield. Plaintiff, in these circumstances, cannot expect the court to disregard her testimony. Her case can be no stronger nor rise any higher than her own positive, clear and unequivocal testimony permits. *Id.* at 462.

The Court finds this case strikingly similar to the case at bar. In both cases, the Plaintiffs testified that the cause of the accident was a vehicle in their lane of traffic. In both cases, the driver of their vehicle took evasive action. And in both cases, the Plaintiffs' own testimony defeats any claim for negligence on the part of the Defendants.

In the case at bar, Valandingham's testimony clearly shows that Pascale's reaction to the oncoming truck was not the proximate cause of the accident. Instead, her testimony shows that the proximate cause of the accident was the oncoming blue truck. Valandingham's testimony concerning Pascale's driving ability paints a picture of a careful, cautious driver who showed no evidence of any influence of alcohol. Under the *Massie* doctrine, the Court must hold the Plaintiff to her own testimony.

Additionally, Valandingham's testimony concerning the oncoming truck driven by a John Doe clearly shows that he was the sole proximate cause of the accident. As noted above, she testified that the oncoming truck occupied half of the Plaintiff's lane. She then testified how Pascale gradually turned the vehicle to the right in an effort to avoid the oncoming truck. This testimony shows that the actions of Pascale were not a proximate cause of the accident. For this reason, the Court applies the *Massie* doctrine to Valandingham and finds that the evidence, and all reasonable inferences therefrom, is insufficient to create a jury issue on the question of negligence on the part of Pascale. Thus, the Court must set aside the jury verdict.

Finally, the Court does not find persuasive Valandingham's argument that her statements concerning Pascale's driving were opinions and not statements of facts. She states that "[d]espite [her] observations of Defendant Pascale's behavior and [her] opinion of her driver's sobriety, the expert testimony concerning Defendant Pascale's blood alcohol level and its effect clearly show that Defendant Pascale was under the influence of alcohol and this affected her ability to drive." Thus, she argues that her statements were merely her opinions as to Pascale's driving ability, and that the *Massie* doctrine does not apply to her.

To support her argument, Valandingham relies on two Virginia Supreme Court cases, *Ravenwood v. Woodyard*, 244 Va. 51 (1992), and *Ford Motor Co. v. Bartholomew*, 224 Va. 421 (1982). In *Ravenwood*, the Plaintiff testified that she had satisfactory eyesight and could have seen the misaligned elevator had she looked. Her eye doctor, however, testified that the Plaintiff's eyesight was unsatisfactory for that purpose. In that case, the Virginia Supreme Court held that the Plaintiff's statement was an opinion and that the *Massie* doctrine did not apply because she "was simply stating what she *thought* she could have seen at the time." *Ravenwood* at 55 (emphasis in the original). In *Ford*, the

Plaintiff testified that as far as she was concerned, she had placed her vehicle in park. However, an expert later testified that her vehicle was not in park. The Virginia Supreme Court held that the Plaintiff's testimony was an opinion because based upon the facts within the Plaintiff's knowledge (the car was stationary, the brake was engaged which could not occur if the car was in an operating gear), she was justified in her impression that the car was in park. The Supreme Court noted that her impression was a misimpression based upon a lack of knowledge and not a statement of fact. *Ford* at 431. In each case, the Supreme Court held that the Plaintiff's statements were opinion because they were either based upon a misunderstanding of the true facts or were opinion because a plaintiff testified as to what she thought she could have seen had she looked. Neither of these situations are present in the case at bar.

Additionally, the Plaintiff's argument is unpersuasive as the expert only testified as to the effects of alcohol on a driver like Pascale. This testimony in no way contradicts the Plaintiff's testimony about Pascale's actions when she saw another oncoming truck encroaching upon their lane. It is this testimony that invokes the *Massie* doctrine, as this testimony clearly places negligence on the oncoming truck. Thus, the *Massie* doctrine applies to Valandingham's testimony.

For the reasons set forth above, the Court grants the Defendant Pascale's Motion to Strike.