# CIRCUIT COURT OF THE CITY OF NORFOLK

Diana M. Simpkins

v.

Christy Espinoza
and Herman Ray Cain, Jr.

March 13, 2007

Case No. CL05-1711

By JUDGE ALFRED M. TRIPP

On January 17, 2004, Plaintiff Diana M. Simpkins was a passenger in a passenger van driven by Defendant Christy Espinoza traveling west on East Little Creek Road in the City of Norfolk. Espinoza attempted to make a left turn from Little Creek Road onto Galveston Boulevard. As Espinoza attempted to cross the eastbound lanes of Little Creek Road, an oncoming car driven by Defendant Herman Ray Cain, Jr., collided with her vehicle. Both vehicles sustained extensive damage, and the Plaintiff incurred substantial personal injuries as a result of the collision. Diana Simpkins brought this action against both her host driver and the driver of the other vehicle.

The case was tried before a jury on November 28 and 29, 2006. At the conclusion of the plaintiff's evidence, counsel for Espinoza moved the Court to strike the plaintiff's evidence. At the conclusion of all of the evidence, Espinoza renewed her motion to strike. The Court overruled the motion on both occasions. Espinoza preserved her objection to submission of the case to the jury at the instruction stage in accordance with the ruling in *Spitzli v. Minson*, 231 Va. 12 (1986).

The jury returned a $60,000 verdict for Simpkins against both defendants for her accident-related injuries After the return of the jury verdict, counsel for Espinoza moved the Court to set aside the verdict as contrary to the law and the evidence, citing *Gabbard v. Knight*, 202 Va. 40 (1960); Va. Code § 8.01-430. The Court granted counsel's request for an opportunity to provide the Court with a brief in support of said motion. The Court set timelines for counsel for the other parties to reply if they desired to do so. Counsel for both defendants filed briefs with the Court. Counsel for the plaintiff has filed no responses to the defendants' briefs.

On March 5, 2007, the Court heard arguments of both defense counsel relative to Espinoza's Motion to Set Aside the Verdict. Counsel for the plaintiff did not participate in the arguments on that Motion. I have reviewed the submissions of the parties, the arguments of counsel, and the testimony from the jury trial held on November 28 and 29 of last year; and I am now prepared to issue a ruling on the Motion to Set Aside.

Espinoza contends that the verdict against her should be set aside. Specifically, Espinoza asserts that Simpkins's testimony absolves her of negligence and that the rule set forth in *Massie v. Firmstone*, 134 Va. 450 (1922), precludes the plaintiff from recovery against her. In *Massie*, the Supreme Court of Virginia established the rule that "[n]o litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him." *Id.* at 462. As Espinoza's brief indicates, the Supreme Court has gradually "refined" the *Massie* rule to stand for the proposition that "in tort ... a litigant whose testimony, considered as a whole, conclusively absolves an alleged tortfeasor of actionable negligence forfeits the cause of action against him." *Hogan v. Carter*, 226 Va. 361, 370 (1983).

As previously indicated, the collision giving rise to plaintiff's injuries occurred in the eastbound lanes of Little Creek Road in the City of Norfolk. Espinoza attempted to make a left turn from Little Creek Road onto Galveston Boulevard and was struck by the oncoming vehicle driven by Cain. At trial, Simpkins testified that she first saw the headlights of Cain's vehicle "[a]fter we had turned." Transcript, 7.[1] On cross-examination by counsel for Espinoza, Simpkins admitted that she looked ahead before Espinoza began to turn, but did not observe any cars traveling east on Little Creek Road. Transcript, 24. Espinoza argues that the *Massie* rule should bar recovery against her because

---

[1] Quotations from Espinoza's testimony are taken from the Excerpt of Proceedings provided to the Court by Mr. DuVall, her counsel.

the plaintiff's testimony establishes that Espinoza could not have seen Cain's oncoming vehicle and thus did not commit actionable negligence when she attempted the turn.

Espinoza contends that *Holland v. Holland*, 217 Va. 874 (1977), should control the present case. In *Holland*, the plaintiff was injured in a collision that occurred while she was a passenger in a car driven by her husband. She brought suit against her husband and the driver of the car, a person named Croson, with which they collided. A jury returned a $2,000 verdict against the plaintiff's husband but found that the other driver had not been negligent. The husband appealed the verdict on the ground that it should have been barred by the *Massie* rule. The Supreme Court found that the plaintiff's testimony was inconsistent with the verdict because it included "recitals of facts within her knowledge which [were] uncertain and ambiguous" and "absolve[d] the husband of any wrongdoing." *Holland* at 876. The Court ruled that the plaintiff could not recover by "rely[ing] on Croson's evidence which [was] in irreconcilable conflict with hers." *Id.* The Court set aside the verdict and entered judgment in favor of the husband.

Cain argues that the outcome in the present case should not be governed by the Court's ruling in *Holland* but by the decision of the Supreme Court in *Hogan v. Carter*, 226 Va. 361 (1983). In that case, the plaintiff, Hogan, was a passenger in a car driven by her grandson, Carter, when it collided with another car. At trial, the jury returned a $50,000 verdict against Carter and the other driver, Grinstead. The trial court reduced that verdict to $25,000. Carter appealed, contending that the trial court should have applied the *Massie* rule because Hogan's testimony "exonerated [him] from negligence." *Hogan* at 370. The Supreme Court disagreed, finding that "Hogan's testimony neither acquitted nor convicted Carter of actionable negligence," and affirmed the judgment of the trial court. *Id.* Specifically, the Court held that, even though Hogan testified that she had not seen Grinstead's car when Carter began his turn, this testimony "did not relieve Carter [the driver] of his duty to see the Grinstead car." *Id.* The Court found that Hogan's testimony was "essentially opinionary" and also "equivocal," in contrast to the *Holland* case, where the plaintiff was bound by her factual testimony. *Id.*

This Court is persuaded that the Supreme Court's ruling in *Hogan*, not the ruling in *Holland*, should control in the present case. In *Holland*, the facts to which the plaintiff testified were totally inconsistent with the jury's finding of negligence on the part of her husband. Here, the Court cannot say that Simpkins's testimony is inconsistent with the jury's finding that Espinoza failed to maintain a proper lookout. As *Hogan* makes clear, it is the driver of a vehicle, not the passenger, who bears the duty to maintain a lookout for other

vehicles. Although Simpkins's testimony does establish that she did not see Cain's vehicle until the collision was imminent, her testimony does not establish that Espinoza could not have seen Cain's vehicle. As Cain points out in his brief, Simpkins did not testify about whether she maintained a lookout for oncoming traffic as Espinoza's vehicle crossed the eastbound lanes of Little Creek Road, and she was not questioned on that subject. As was the case in *Hogan*, Simpkins's testimony is not sufficient to either prove or disprove the negligence of Espinoza. It is certainly not sufficient to "conclusively absolve" Espinoza of negligence, as required by *Hogan*, and prevent her from recovery under the *Massie* rule. *Hogan*, 226 Va. at 370.

Accordingly, the Court finds that the *Massie* rule does not preclude Diana Simpkins from recovering against Espinoza because the plaintiff's testimony did not conclusively absolve Espinoza of negligence. Therefore, the Motion to Set Aside the Verdict is denied.